Filed Jan. 5, 1892.

---

## No. 16,122.

## KIMBERLIN v. THE STATE, EX REL. TOW.

OFFICER.—*Successor.*— *Who May Select.*—*Holding Over.*—Where an officer
is lawfully elected and in the possession of an office his right to hold
over continues until a qualified successor has been elected by the same
electoral body as that to which he owes his election, or which by law
is entitled to elect his successor.

SAME.—*Death Before Qualification.*—*Vacancy.*—No vacancy occurs in an

Kimberlin v. The State, ex rel. Tow.

office where the person elected to fill it dies before he qualifies, or even dies after the polls are closed and before the result is ascertained.

SAME.—*Death of Candidate After Polls Closed and Before Result Ascertained.* —If a candidate dies after the polls are closed and before the result is ascertained, yet if he has received a majority of the ballots he is duly elected. In such an instance no vacancy occurs in the office, and it can not be filled by appointment.

SAME.—*Appointment when no Vacancy.*—An appointment to fill a vacancy in an office is void when there is no vacancy.

TOWNSHIP TRUSTEE.—*Death of Candidate After Close of Polls and Before Result Ascertained.—Election in November.—Vacancy.—Appointment.—* A. was a township trustee. At an April election B. and C. were opposing candidates for the office. After the polls closed and before the result was announced B. died. On completion of the count it was found that B. had received a majority of the ballots. At the following November election D. and A. were opposing candidates for the office, and D. received a majority of the ballots, was declared elected, and filed his bond as such trustee. In the following December the board of county commissioners declared that there was a dispute concerning the validity of the election, and appointed D. trustee, but he filed no new bond and took no steps to qualify under this appointment.

*Held,* that no vacancy had ever occurred in the office; that the election of November was void, and that C. was the legal trustee of the township, holding over until his successor had been duly elected and qualified.

ELECTION.—*Held at Time not Authorized by Law.*—The election of an officer at a time not authorized by law (as a township trustee at the regular November election) is void.

From the Lawrence. Circuit Court.

*M. F. Dunn, G. G. Dunn* and *W. K. Marshall,* for appellant.

*J. H. Willard,* for appellee.

COFFEY, J.—The appellee, William H. Tow, was duly elected trustee of Marion township, Lawrence county, at the regular township election in the year 1888, duly qualified and entered upon the discharge of his duties as such, and is yet in the possession of the office, claiming title thereto.

At the April election in the year 1890, James H. Brown and Henry Murray were opposing candidates for the office of township trustee in Marion township, and after the votes had all been cast and the polls closed, and while the election

officers were engaged in counting the ballots, but before the result of the election had been ascertained or declared, Brown suddenly and instantly fell dead. When the count was completed it was ascertained that Brown had received a majority of the votes cast for township trustee of Marion township. At the November election, in the year 1890, the appellant, Hugh L. Kimberlin, and the appellee were opposing candidates for the office of township trustee of Marion township; each took a part in the election and each voted for himself. The appellant was by the proper election officers declared duly elected, and, receiving his certificate of election, he qualified and filed his bond, as such trustee, to the approval of the county auditor, on the 13th day of November of that year. On the 17th day of December, 1890, the board of commissioners of Lawrence county, being in special session, entered an order reciting that there was a dispute as to who was elected township trustee of Marion township, and thereupon appointed the appellant as such trustee, but it does not appear that he filed any new bond or took any steps to qualify under this appointment. On the day of this appointment the auditor of Lawrence county issued to the appellant a warrant for the township funds belonging to Marion township, upon which he drew the funds from the county treasury, whereupon the appellee instituted proceedings in the Lawrence Circuit Court to enjoin him from acting as such trustee, in which he was successful. The appellant acted as such trustee for the period of five days before he was thus enjoined.

Each of the parties to this suit claims to be the legal trustee of Marion township, the appellant basing his claim upon the election held in November, 1890, and his subsequent appointment by the board of commissioners of Lawrence county, while the appellee bases his claim upon the alleged fact that his successor has never been elected and qualified, and that he has the right to such office until that event takes place.

The questions presented for consideration involve the construction of section 3, article 15, of the State Constitution, and some consideration of the provisions of section 5527, R. S. 1881.

Section 3, article 15, supra, provides that "Whenever it is provided in this constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term, and until his successor shall have been elected and qualified."

Section 5527, supra, provides "If any officer of whom an official bond is required shall fail, within ten days after the commencement of his term of office and receipt of his commission or certificate, to give bond in the manner prescribed by law, the office shall be vacant."

It is contended by the appellant: First. That the word "election," as used in the Constitution and statutes, is not used in its restricted sense, as meaning only an election by the people, but it should be construed as signifying chosen, or designated, and, when so construed, the appellant is entitled to the office in question by reason of his appointment by the board of commissioners of Lawrence county.

Second. That Brown was duly elected township trustee of Marion township, at the April election in the year 1890, and having failed to give bond and qualify within ten days after his term of office began, the office, under the provisions of section 5527, supra, became vacant, and the board of commissioners had the legal right to fill such vacancy by appointment.

No authority is cited by the appellant which supports his first position, and we have no knowledge of any such authority; while, on the contrary, the adjudicated cases seem to be harmonious in holding that where one is lawfully in the possession of an office, under a constitutional

or statutory provision to the effect that he shall hold until his successor is elected and qualified, his right to hold over continues until a qualified successor has been elected by the same electoral body as that to which such incumbent owes his election, or which by law is entitled to elect a successor. *Gosman* v. *State, ex rel.*, 106 Ind. 203; *State* v. *Lusk*, 18 Mo. 333; *People, ex rel.*, v. *Tilton*, 37 Cal. 614; *Lawhorn, Ex Parte*, 18 Gratt. 85; *Johnson* v. *Mann*, 77 Va. 265; *State, ex rel.*, v. *Jenkins*, 43 Mo. 261; *State, ex rel.* v. *Harrison*, 113 Ind. 434.

In view of these authorities, we are not at liberty to adopt the construction contended for by the appellant in this case.

We have no doubt that Brown was duly elected township trustee of Marion township.

When the last vote was cast, and the polls closed, the electors had made their choice, and the count could do nothing more than ascertain the result. The election officers had no power to elect any one after the polls were closed, their duty being confined to ascertaining the result of the ballotting, and furnishing the necessary evidence of such result.

But does it follow that, because Brown was elected and failed to qualify, the office of township trustee became vacant, and the board of commissioners acquired the right to appoint?

The rule is that, where a person is in the possession of an office, under a constitutional or statutory provision like that found in our Constitution, and a successor is duly elected, but dies before he qualifies, no vacancy occurs, since one of the contingencies upon which the incumbent's term of office is to expire has not taken place, namely, the qualification of a successor. McCrary Elections, section 314; *Commonwealth, ex rel.*, v. *Hanley*, 9 Barr (Pa. St.), 513.

*Commonwealth, ex rel.*, v. *Hanley*, *supra*, is, in its facts, similar to the case before us.

In that case Hanley was duly elected clerk of the orphans' court in October, 1845, and was duly commissioned and qualified to serve for the period of three years from the 1st day of December of that year, and until his successor should be duly qualified. On the second Tuesday of October, 1848, Oliver Brooks was duly elected as his successor, but died before qualifying. The Governor, assuming that Hanley's office became vacant at the expiration of three years, appointed a successor.

In discussing the questions arising under these facts, the Supreme Court of Pennsylvania said : "Being duly qualified in the constitutional sense, and in the ordinary acceptation of the words, unquestionably means that he, the successor, shall possess every qualification ; that he shall, in all respects, comply with every requisite before entering on the duties of the office; that, in addition to being elected by the qualified electors, he shall be commissioned by the Governor, give bond as required by law, and that he shall be bound by oath or affirmation to support the constitution of the commonwealth, and to perform the duties of the office with fidelity. Until *all* these prerequisites are complied with by his successor * * * the respondent is *de jure* as well as *de facto* the clerk of the orphans' court."

So, too, this court held in the case of *State, ex rel.,* v. *Berg,* 50 Ind. 496, that, where a township trustee was elected his own successor, and did not qualify under his second election, his office did not become vacant, and he was entitled to hold under his first election until a successor was elected and qualified.

The weight of authority is that where there exists a constitutional provision, such as we are now considering, a term of office fixed by statute runs not only for the period fixed, but for an additional period between the date fixed for its termination and the date at which a successor shall be qualified to take the office. The period between the expiration of the term fixed by statute and the time at which a suc-

cessor shall be qualified to take the office is as much a part of the incumbent's term as the fixed statutory period. *Tuley* v. *State, ex rel.,* 1 Ind. 500; *Miller* v. *Burger,* 2 Ind. 337; *Baker* v. *Kirk,* 33 Ind. 517; *State, ex rel.,* v. *Berg, supra; Gosman* v. *State, ex rel., supra; Elam* v. *State, ex rel.,* 75 Ind. 518; *People, ex rel.,* v. *Whitman,* 10 Cal. 38; *Commonwealth* v. *Hanley, supra; State, ex rel.,* v. *Harrison, supra.*

It follows from what we have said that the appellee is entitled to the office in dispute, unless the appellant has been legally chosen and qualified as his successor. As we understand the brief of the appellant, it is not seriously contended that the election held in November, 1890, conferred any rights upon the appellant. As the election of a township trustee at that time was wholly unauthorized by law, such election was void, and conferred no right to the office.

Nor did the board of commissioners possess the legal authority to appoint the appellant to the office for the reason, as we have seen, that there was no vacancy, and, there being no vacancy, the appellee's successor could be chosen only by the constituency which elected him.

As to the construction to be placed upon section 5527, *supra,* or as to what provisions of that section, if any, conflict with the section of the Constitution above set out, we think it unnecessary to inquire in this case, for the reason that the state of facts to which it is applicable does not arise. As Brown died before any certificate of election was issued to him, and as he did not intentionally abandon the office, this statute is not applicable to the case before us.

As we have reached the conclusion that the law is with appellee, upon the facts above stated the judgment of the Circuit Court should be affirmed.

Judgment affirmed.

Filed Jan. 6, 1892.