amount só paid: Millard v. Del., Lack. & Western R. R. Co., 240 Pa. 234.   For the foregoing reasons I would affirm the judgment in this case.

---

# Commonwealth, ex rel., Hughes v. Gritman, Appellant.

*Public officers—Tax collectors—School districts—City treasurer —Cities of the third class—Acts of June 27, 1913, Art. VIII, Sec. 1, P. L. 568, and May 18, 1911, P. L. 309.*

1. The collection of school taxes in a city of the third class is a right or duty incident to the office of city treasurer regardless of the method by which the treasurer is chosen.

2. The board of directors of a school district of the third class whose boundaries coincided with those of a city of the third class, refused to approve the bond of the city treasurer as collector of school taxes and appointed a separate tax collector for the district. The treasurer petitioned for a writ of mandamus to compel the directors to approve his bond.  The directors averred that as petitioner had been elected by the city councils under the provisions of the Act of June 27, 1913, Article VIII, Sec. 1, P. L. 568, 601, relating to the incorporation of cities of the third class, he had in point of law been appointed, and had not been elected within the meaning of Section 547, of the School Code of May 18, 1911, P. L. 309, 342, providing that the board of directors of a school district of the second, third or fourth class, where the tax collector is not elected, shall appoint tax collectors for said district.  *Held,* the lower court properly decided that petitioner had been elected within the meaning of the school code and that he was the tax collector of said district and awarded the relief prayed for.

Argued Sept. 27, 1916.   Appeal, No. 247, Jan. T., 1916, by defendants, from order of C. P. Lackawanna Co., Oct. T., 1916, No. 155, awarding mandamus in the case of Commonwealth, ex rel., P. F. Hughes v. Harley J. Gritman, Stanley Smith, G. Frank Couch, H. E. May, P. J. Boylan, Thomas F. Curran, Thomas L. Scott, Members of the Board of School Directors of the School District of the City of Carbondale.   Before Brown, C. J., Mes-

TREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ.  Affirmed.

Petition for mandamus.

EDWARDS, P. J., filed the following opinion:

From the pleadings in this case we find the following facts:

1. At the organization of the council of the City of Carbondale, held January 3, 1916, the relator, P. F. Hughes, was elected to the office of treasurer of said city. He qualified as such treasurer by filing his bond of office, and immediately entered upon the duties of his office, and has performed said duties to the present time.

The City of Carbondale is a city of the third class, and the school district of said city is a school district of the third class.   The city and school district are coextensive, or coterminous, in their territorial limits.

2. At a regular meeting of the school board of said school district, the relator presented his bond as collector of school taxes for the district, in the sum of twenty thousand dollars, with the National Surety Company as surety.   No objection was made to the surety, but the bond was rejected on the alleged ground that the relator was not the lawful tax collector for the district.

3. The said school board at a regular meeting held May 22, 1916, appointed William J. Evans as collector of school taxes for the district.

4. Hughes and Evans each claim to be the lawful collector of school taxes for the school district of Carbondale.

CONCLUSIONS OF LAW.

1. The relator, P. F. Hughes, in virtue of his office of city treasurer, is the lawful collector of taxes for the school district of the City of Carbondale.

2. Under the facts of this case, the action of the school

board on May 22, 1916, appointing William J. Evans as collector of said school taxes was void and of no effect.

3. Judgment should be entered for the relator on the demurrer.

### DISCUSSION.

We take it for granted that the form of the remedy invoked in this case is not objected to, and that the parties desire a decision on the merits of the controversy regardless of the question as to whether or not the title of an office is involved, and that the proper remedy might be by quo warranto to which action William J. Evans would necessarily be a party. This question is not raised in the pleadings; nor was it adverted to at the argument; nor is it mentioned in the briefs.

The discussion of this case begins naturally with the Act of June 20, 1901, P. L. 578, which provides that the city treasurer in each city of the third class, by virtue of his office, shall be the collector of city, school and poor taxes assessed and levied in said city, and that he shall take and subscribe his oath of office as collector of city, school and poor taxes, which oath shall be filed with the city clerk of the proper city. It should be observed that the act, in terms, refers to city treasurers hereinafter "elected" in cities of the third class. This Act of 1901 furnishes a complete and comprehensive system regulating the collection of the taxes mentioned in third class cities.

The next statute to be considered is the Act of June 27, 1913, Art. VIII, Section 1, P. L. 568, page 601, which provides that the council of each city of the third class shall "elect" a city treasurer for the term of two years. This provision effects a radical change in the method of choosing city treasurers in third class cities. It changes the method from an election by the voters of the city to an election or an appointment by the council. We are not concerned with the reason which prompted the

change. It is probably in line with the desire to bring the government of cities in the state within scientific business principles, because we notice that the treasurer appointed by the council must be a "competent accountant." However, this is a question of no moment in the present case.

The last act of assembly we refer to is the School Code of May 18, 1911, P. L. 309, 342, Section 547, which provides as follows:

"The board of school directors in each school district of the second, third, or fourth class in this Commonwealth, where a tax collector is not elected to collect school taxes, or where there is a vacancy, or where any tax collector elected refuses to qualify or furnish a bond as herein provided, shall annually, on or before the first day of June in each year, appoint one or more suitable persons as tax collectors in said school district."

It is contended by the defendants that when they appointed Evans collector of school taxes that the city treasurer of Carbondale had not been "elected" within the meaning of that word as found in the section of the school code above quoted; that Hughes was only an appointee of the council, and was not an "elected" treasurer; and, therefore, that the school board had the right to appoint its own tax collector. The whole contention is based upon the proposition that when the school code was enacted, treasurers of cities of the third class were elected by the voters of each city, and that the Act of 1901 and the section of the school code should be construed together, one in the light of the other so as to produce a harmonious result.

"The Act of June 20, 1901, providing that the city treasurer in cities of the third class, by virtue of his office, shall be the collector of the school taxes therefor, is of general application and was intended to provide a uniform system for the collection of such taxes in cities of the third class": Copelin v. Harrisburg Board of School Directors, 242 Pa. 221.

"The School Code of 1911, P. L. 309, contains no general provisions for the election of tax collectors, and the evident intention of the legislature was to leave undisturbed the method of collecting taxes in force at the time of its adoption": Black v. Duquesne School District, 239 Pa. 96.

A more pertinent authority is the case of Com., ex rel., v. Dusman, 240 Pa. 464, wherein we find the following statement of the law: "A city treasurer of a city of the third class, who by virtue of his office is collector of city, school and poor taxes, under the provisions of the Act of June 20, 1901, P. L. 578, is entitled to collect school taxes in a school district of the second class, coincident with such city, notwithstanding he was elected after the approval of the Act of May 18, 1911, P. L. 309, providing for the appointment of school tax collectors in certain cases. The fact in some school districts of the second class the school board may appoint the tax collector, while in others they may not, is not sufficient to condemn the Acts of May 18, 1911, P. L. 309, and June 20, 1901, P. L. 578, as unconstitutional."

We are not unmindful of the meaning generally conveyed by the word "election." The term carries with it the idea of a choice by the body of voters in a municipality, or an expression of the popular will expressed at the polls. An appointment, on the other hand, may be made by a single person, or by a body such as a city council. Although the Act of 1913, supra, states that the council of each city shall "elect" a city treasurer, it ought to be conceded that such an election is in law an appointment; but this distinction makes no difference in the present case. We take a much broader view of the question. The right to collect school taxes in a city of the third class is a right, or duty, incident to the office of city treasurer, regardless of the method by which the treasurer was chosen. If elected, as he was prior to 1913, he collected the school taxes; and if elected, or appointed, by the council, after 1913, he still performs the

same duties.   We are averse to adopt a construction that will destroy a uniform system of collecting school taxes in cities of the third class because of a critical interpretation of the word "election."

The relator demurred to defendants' answer.   The court sustained the demurrer and awarded a peremptory mandamus.   Defendants appealed.

*Error assigned* was the order of the court.

*A. A. Vosburg,* with him *J. B. Jenkins,* for appellant.

*David J. Reedy,* with him *E. A. Delaney, J. E. Brennan* and *Stanley F. Coar,* for appellee.

PER CURIAM, October 25, 1916:

The judgment in this case is affirmed on the opinion of the learned president judge of the court below sustaining relator's demurrer to the defendants' answer.

---

## James F. Mundy *v.* E. L. Myers, et al., Appellants.

Argued Sept. 27, 1916.   Appeal, No. 267, Jan. T., 1916, by defendants, from judgment of C. P. Luzerne Co., Oct. T., 1916, No. 472, awarding mandamus in case of James F. Mundy v. E. L. Myers, Richard A. Ward, J. C. Bell, Dr. Dodson, Percy A. Brown, A. E. Burnaford, Mary L. Trescott, William Steinhauer and H. W. Saums, School Directors of the City of Wilkes-Barre.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ.   Affirmed.

Petition for mandamus.   Before WOODWARD, J.

The facts appear in Commonwealth v. Gritman, 255 Pa. 277.

The relator demurred to the defendant's answer.   The