166 So. 788

SMITH et al. v. McQUEEN.

6 Div. 946.

Supreme Court of Alabama.

March 28, 1936.

George Pegram, of Linden, and Horace L. Flurry, of Montgomery, for appellants.

Tom B. Ward and J. Monroe Ward, both of Tuscaloosa, T. E. Buntin, of Dothan, Henry McDaniel, of Demopolis, and E. W. Pettus, of Selma, for appellee.

GARDNER, Justice.

Petitioners seek by mandamus to require the respondent chairman of the state executive committee of the Democratic Party to certify their names as candidates in the party primary of May 5, 1936, for election as delegates and alternate delegates to the national convention of said party to be held in June, 1936, at Philadelphia.

It is of course universally recognized that the extraordinary remedy **of**

mandamus is only to be granted when there is a clear specific legal right shown, for the enforcement of which there is no other adequate remedy. Ex parte Three Minute Cereal Co. (Ala.Sup.) 165 So. 584.[1] Do petitioners show such a clear legal right? We think the answer is in the negative and that the discussion may be confined within a narrow scope.

■ It is to be observed, in the first instance, that the subject-matter of this petition concerns a factional controversy within a political party, and that the courts, with rare unanimity, express a reluctance to assume jurisdiction of questions of a purely political nature. The following from the text of 20 Corpus Juris, 137, is well supported by the cited authorities: "Except to the extent that jurisdiction is conferred by statute or that the subject has been regulated by statute, the courts have no power to interfere with the judgment of the constituted authorities of established political parties in matters involving party government and discipline, or to determine disputes within a political party as to the regularity of the election of its executive officers. As elections belong to the political branch of government, the courts will not be astute in seeking to find ground for interference, but will seek rather to maintain the integrity and independence of the several departments of the government by leaving questions as to party policy, the regularity of conventions, the nomination of candidates, and the constitution, powers, and proceedings of committees, to be determined by the tribunals of the party." To like effect see 9 R.C.L. p. 1070; 20 A.L.R. pp. 1036, 1037.

This general principle was recognized by this court in Lett v. Dennis, 221 Ala. 432, 129 So. 33, 35, where it was observed that political parties are not governmental agencies, but voluntary organizations with the objects "intimate to those who compose them." They have grown in importance and influence, and under our Republican form of government have become, in a sense, a part of our great political system. For many years these organizations were unrestrained in any manner, and suits arose calling for legislative action. While they are still voluntary organizations, yet they are affected with a public interest, and, the authorities generally agree, are subject to regulation by legislative enactment. Our Constitution (section 190), while demanding regulatory statutes as to primary elections, expressly provides against any compulsory primary; and our present statute (Gen.Acts 1931, p. 73) represents a response to such constitutional mandate.

The first inquiry is, therefore, To what extent is the subject matter of this petition affected by the provisions of the above cited statute? For the purpose in hand, it may be conceded, without decision on the question (though perhaps a matter of some doubt), that delegates to a national convention are party officers within the meaning of the statute. So assuming, section 1 of this act stipulates, first, that all political parties are presumed to have accepted and come under the provisions of the primary election law, and a method is provided whereby such party may declare its election not to come within its influence. And the concluding sentence of the section, which is of controlling influence here, is as follows: "The State Executive Committee of a political party may determine from time to time what party officers shall be elected in the primary; provided, candidates for all party offices shall be elected under the provisions of this Act unless the method of their election is otherwise directed by the State Executive Committee of the party holding the election."

The petition discloses that the state executive committee has certified the candidates for primary election in May, 1936, to the secretary of state, and omitted therefrom any delegate or alternate to the national convention, but has itself elected such delegates and alternates to represent the party in such convention. The argument is that, as the Legislature has seen fit to enact a law governing such primary election, the party is governed by such law (citing Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037), and that, in the manner of selection of the delegation to the convention, the committee has acted in violation thereof.

But we cannot agree that a violation of the statute has been made to appear. The lawmakers were careful, in the above-quoted language of the statute,

---

[1] 231 Ala. 429.

to grant to the state executive committee a wide discretion as to the selection of party officers. It "may determine from time to time what party officers shall be elected in the primary." The proviso is merely to the effect that, if no other method is stipulated, the election shall be in the primary. And this wide discretion left in the state executive committee is in harmony with other provisions of the act vesting large authority in such committee.

It is the court of final appeal in all party contests (section 51, p. 93), and may establish additional rules of procedure (section 52, p. 94).

By section 11 of the act (page 76) the committee is given authority to prescribe the political or other qualifications of the members of the party, and determine who shall be entitled and qualified to vote therein and to become candidates. But we need pursue the thought no further. Suffice it to say the act abounds in illustrations of confidence and trust reposed in the state executive committee as the governing head of the party with large authority and wide discretion.

 Reverting, therefore, to the concluding sentence of the first section of the act, the argument is that the committee has not otherwise directed the election of the delegation, as its action was but an appointment by itself of the delegates, and that the words "election" and "appointment" are not synonymous, citing Wickersham v. Brittan, 93 Cal. 34, 28 P. 792, 29 P. 51, 15 L.R.A. 106; Kimberlin v. State ex rel. Tow, 130 Ind. 120, 121, 29 N.E. 773, 14 L.R.A. 858, 30 Am.St.Rep. 208; Commonwealth ex rel. Hughes v. Gritman, 255 Pa. 277, 99 A. 874. "Etymologically speaking, election denotes choice, selection out of the number of those choosing." In common use, however, it has come to denote such a selection made by a distinctly defined body, as by "the voters of an entire class," and while the words "appointment" and "election" are not synonymous, yet they are sometimes used interchangeably in statutes. 9 R.C.L. 977. An interesting discussion of the meaning of these words is found in Reid v. Gorsuch, 67 N.J.Law 396, 51 A. 457, 459, where is cited a definition of election from Bouvier's Law Dictionary, as follows: "Election. Choice; selection. The selection of one person from a specified class to discharge certain duties in a state, corporation, or society." And another from Century Dictionary: "Elect. To pick out; select from among a number." And in Odell v. Rihn, 19 Cal.App. 713, 127 P. 802, 805, it was said: "In its broadest sense, * * * the word 'elected' means merely 'selected.'"

But we need indulge in no refinement of discussion as to these distinctions. After all, the true meaning must be gathered from the context, the connection in which it is used. 9 R.C.L. 977.

So considered, we think the entire act clearly indicates its use here in its broadest sense; that is, in the sense of selection. Reduced to the last analysis, we interpret this concluding sentence of section 1 to mean simply this and nothing more—that party officers are to be elected in the primary, unless the state executive committee directs their selection otherwise.

Petitioners argue there must be an election by convention or mass meeting, or in some similar manner, but that election by the committee is excluded. The statute does not so prescribe, there is no such limitation of authority, and the whole import of its language is to the effect that the manner of selection of such party officers is to be left to the sound discretion of the committee. This discretion they have exercised, and very definitely determined that delegates to the convention should not be elected in the primary. To grant petitioners relief would be to overturn this exercised discretion of the committee vested in it by the express language of the statute.

The state executive committee is composed of a number of members of the party elected as their representatives in the management of party affairs. The act, as previously indicated, vests in the committee vast authority and discretion, and coming to the matter of party officers it evinces a willingness on the part of the lawmaking body to also lodge with the committee much discretion as to their selection.

 Any other conclusion would, in our opinion, be entirely out of harmony with the spirit and intent of the act. If, as insisted, the selection by the committee of delegates to the national convention is not

in accord with party custom and usage, this would be a matter of party government, with which the courts do not interfere. State ex rel. Smith v. Kanawha County Court, 78 W.Va. 168, 88 S.E. 662, 20 A.L.R. 1030, and note. This case very well illustrates the scope of legal jurisdiction and that of party jurisdiction. The candidates in question are delegates to a national convention. No order or decree of this court could be enforced against that convention. That body, and not the courts, will be the final judge of who shall represent Alabama. 9 R.C.L. 1088. With the wisdom or unwisdom of such action the courts are not concerned, but only interested in ascertaining whether or not any such action runs counter to any controlling statute.

Upon due consideration we are unable to find that this action of the committee violates any statutory provision, and is therefore here not subject to control.

■■ It is also suggested that the provision in the above-noted act relating to party officers is not embraced in the title, and therefore should be disregarded as violative of section 45 of our Constitution. Of course, it is quite clear, and not otherwise contended, that such provision might be eliminated without in any manner affecting the validity of the primary act as a completed whole. But the rule is very generally observed that the courts will not pass upon any constitutional question unless necessary to a decision of the cause. We observe that rule here, for, very clearly, if all such provisions as to party officers are eliminated from the act, petitioners must stand upon the unregulated action of the party's governing authority, not here subject to review. The decision of the question would therefore serve no purpose in petitioners' behalf.

What has been said suffices to indicate our conclusion that petitioners have failed to show a clear specific legal right to the thing demanded, and that no error was committed in denying the relief sought.

The judgment of the court below will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

