53 So.2d 363

**CITY OF MONTGOMERY v. GRAHAM et al.**
3 Div. 573.

Supreme Court of Alabama.
April 19, 1951.

Rehearing Denied June 28, 1951.

R. S. Hill, Jr. and Walter J. Knabe, of Montgomery, for appellant.

Jack Crenshaw, John Yung and Rives & Godbold, all of Montgomery, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal by the City of Montgomery from an order of the Circuit Court of Montgomery County overruling the demurrer to the bill of complaint filed by appellees as a class action under Equity Rule 31, Code 1940, Tit. 7 Appendix.

The bill alleges in substance that the corporate limits of the City of Montgomery were extended pursuant to legislative act approved September 18, 1949, which became effective September 30, 1949. Appellees are all owners of real estate which was incorporated on September 30, 1949, but which prior to said date was without the corporate limits of the City of Montgomery.

The bill avers that David W. Crosland, as the duly elected tax assessor for Montgomery County and also tax assessor for the City of Montgomery, certified to Jack Hobbie the duly elected tax collector for Montgomery County and also tax collector for the City of Montgomery, an abstract or list of property assessed for taxes becoming due October 1, 1949. That within said abstract or list is the property belonging to appellees which prior to September 30, 1949, had not been within the corporate limits of the City. Pursuant to notices given by the tax collector some of the appellees paid the tax, others refused to pay pending the outcome of this litigation.

The bill also contains the following paragraph: "That by Section 216 of the Constitution of Alabama of the year 1901, the basis for the levy of taxes for most municipalities was made on the value of the property as assessed for state taxation during the preceding year, but such provisions were expressly not applicable to the City of Montgomery, but the City of Montgomery wa given the right to levy and collect taxes 'upon the value of taxable property therein as fixed for state taxation'; that such provisions of said Section 216 of the

Constitution of 1901 were debated and discussed at some length in the Constitutional Convention of 1901, and an amendment was offered therein to said Section 216 to require that the City of Montgomery should levy and collect the taxes based upon the value of the property therein as assessed for state taxation during the preceding year, which would have placed the assessment of taxes in the City of Montgomery upon the same basis as other municipalities, but that such amendment was defeated; that under the provisions of Section 216 of the Constitution, it is necessary that any assessment for taxes of the City of Montgomery be based upon the value of the taxable property therein as fixed for state taxation for the current year. That the property owned by complainants and other members of the class which they represent, was not within the corporate limits of the City of Montgomery at the time of the assessment of property for taxation which became due and payable October 1, 1949."

Other allegations of the bill relate to matters which would tend to show an administrative construction placed upon Section 216 of the Constitution by the City authorities with reference to assessment made in prior years.

The demurrer filed by respondents goes to the bill as a whole and takes the point that the assessments by the City Tax Assessor as certified to the City Tax Collector were proper and of full force and effect and that the property annexed to the City of Montgomery on September 30, 1949 was properly included for city taxes due October 1, 1949.

■ This court may, when construing a provision of the Constitution, look to the debates and proceedings of the Constitutional Convention. Louisville & N. R. Co. v. State, 201 Ala. 317, 78 So. 93; Morgan v. Board of School Commissioners of Mobile County, 248 Ala. 22, 26 So.2d 108.

■ The Constitutional debates of 1901 relative to Section 216 of the Constitution lead us to conclude that it was the intention of the framers of that instrument that the

City of Montgomery should assess and collect its taxes upon the basis of the valuation as fixed for state taxation for current tax year, instead of the valuation as fixed for state and county taxation for the "preceding year," as was required of other municipalities. Vol. 4, Official Proceedings of Constitutional Convention of 1901, pp. 4816, 4828.

It is the contention of appellant that Amendment No. VIII to the Constitution of 1901 erased any distinction which may have existed between Montgomery and other cities. The amendment names the municipalities to which it shall apply but the City of Montgomery is not included.

Amendment No. VIII reads in part: "The municipalities of Tuscumbia * * * (and other designated towns and cities), shall have the power and right to levy and collect a tax of one-half of one per centum in any one year on property situated therein, based on the valuation of such property as assessed for State taxation for the tax year ending on the 30th day of September next, succeeding the levy;"

Section 700, Title 37, Code 1940, reads in part as follows: "It shall be the duty of the council, board of commissioners, or other governing body of any such municipality during the month of May of each year, by resolution or ordinance, to levy a tax on the property situated in such municipality for the next succeeding tax year at a rate in no event in excess of the constitutional limit authorized *to be levied by such municipality on the value of such property as assessed for state taxation as shown by the books of assessment for the state and county tax year ending the thirtieth day of September next succeeding the levy.* The levy so made by the council, board of commissioners, or other governing body of such cities shall go into force and effect as of the first day of October next succeeding the levy and shall become a lien on the first day of October next succeeding such levy, and not before." [Italics supplied.]

Appellant cites us to the case of Johnson v. State ex rel. City of Birmingham, 245 Ala. 499, 17 So.2d 662, 665. There the levy was made by the City of Birmingham on property brought within the city as of the eleventh day of August, 1943. The City had in May 1943, pursuant to § 700, Title 37, Code 1940, levied its tax for the city tax year 1943–44, based upon the valuations for state taxation as of September 30, 1943. The Court there observed that "in the preparation of the City assessment 'for the next succeeding municipal tax year,' the basis is 'the assessed value of the then current state tax year.'" Birmingham is one of the municipalities specifically mentioned in Amendment No. VIII and was following § 700, Title 37, Code 1940. Since the tax levied was for the tax year next succeeding the levy and the property was within the City on the "law day" October 1, 1943 the court held that the newly incorporated property must bear the tax.

There can be little doubt that the City of Montgomery, with reference to the levy of its taxes, is still governed by Section 216 of the Constitution and that it must levy its taxes, based upon the valuation as fixed for state taxation for the current year. Its levy must be based upon the state valuation for the current year and cannot, as noted in the Johnson case, supra, levy for the next succeeding year upon the state valuation for the then current tax year. The City of Montgomery in view of Section 216 cannot levy its taxes pursuant to § 700, Title 37, Code 1940, but must look to § 670 of Title 37, Code 1940.

Its levy, if made in May, is not for the "next succeeding tax year" but is for the current tax year based upon the state valuation as finally determined for the current year. So viewed the "law day" in the instant case was October 1, 1948 and since the property was not incorporated within the city until September 30, 1949 no tax could be assessed or collected for the tax year 1948–49.

We forego discussion of any administrative constructions on the part of the City in view of the conclusion reached.

Affirmed.

BROWN, FOSTER and SIMPSON, JJ., concur.