119 So.2d 886

**W. S. BREWBAKER, INC.**

v.

**CITY OF MONTGOMERY et al.**

3 Div. 987.

Court of Appeals of Alabama.

Oct. 11, 1955.

Reversed on Mandate April 16, 1960.

Wm. S. Duke and Vincent S. Lamb, Montgomery, for appellant.

Walter J. Knabe, Knabe & Nachman, Montgomery, for appellees.

HARWOOD, Presiding Judge.

The plaintiff filed suit against the City of Montgomery for monies paid to said city as taxes allegedly under mistake of fact or law.

Demurrers to the complaint and amendments thereto being sustained plaintiff took a nonsuit with leave to appeal.

The gravamen of plaintiff's claim is that taxes of $970 were paid as city taxes on 16 October 1951 on demand of the tax collector of Montgomery County, allegedly due for the tax year ending 30 September 1951; that no levy for said tax had been made by the city during said tax year; the last levy by the city having been made on 19 May 1950; that under the provisions of Section 216 of the Alabama Constitution the City of Montgomery may not levy in May for the next succeeding tax year, and therefore the levy of 19 May 1950 was not a valid levy of taxes for the year ending 30 September 1951; and further, that the

purported levy of 19 May 1950 provided that the tax was to be at the rate of one and one quarter per centum of the property as assessed for State taxation for the tax year ending September 30, 1950; that the assessed value of plaintiff's property on September 30, 1950 was $54,300, and a tax of one and one quarter per centum would amount to $678.75, whereas the tax paid was one and one quarter per centum of $69,700, the State assessed valuation of plaintiff's property as of September 30, 1951. The plaintiff admits that his property was within the City of Montgomery for the entire tax year October 1, 1950 to September 30, 1951.

The plaintiff also set up in his complaint as a basis for recovery the holding in the case of City of Montgomery v. Graham, 255 Ala. 685, 53 So.2d 363, and asserts that under the doctrine of said case the levy of the present tax was invalid.

There is also a count in the complaint, a common count claiming $870 from the defendants for money had and received.

Our interpretation of the Graham case, supra, is that the sole question decided in that case was that property brought into the City of Montgomery on 30 September 1949 could not be subjected to ad valorem taxes coming due on 1 October 1949 because of Section 216 of the Alabama Constitution. Because of Section 216, supra, the City of Montgomery must levy its taxes based upon the assessed valuation as fixed for State taxation for the current year, and cannot levy for the next succeeding year upon the State valuation for the then current year. It must levy its taxes pursuant to Section 670, Title 37, Code of Alabama 1940, and not under Section 700, Title 37, Code of Alabama 1940, as is done by most municipalities.

The City of Montgomery, as shown by the pleading, did levy taxes in May 1950.

Under the provisions of Section 700, Title 37, supra, if a municipal governing body fails to make a levy, the levy of the preceding year shall be continued. Therefore, while the City of Montgomery must look to Section 670, supra, in levying its taxes, this section must be construed in pari materia with the other sections of the article, and the general provision as to the continuing of the levy found in Section 700, supra, is operative, nothing in Section 216 of the Constitution indicating otherwise.

This being so, and a levy having been made, the basis of appellant's claim involves only the method of assessment.

The assessment is at most irregular rather than void.

Section 333, Title 51, Code of Alabama 1940, one of the provisions under which appellant seeks redress, provides that the section shall not apply to taxes due, but irregularly assessed. The appellant's property having been within the City of Montgomery for the entire tax year of October 1, 1950 to September 30, 1951, taxes thereon were clearly due.

The appellant's claim is not therefore within the purview of the statutes under which he seeks to pursue his claim.

This being so, appellant's claim must be controlled by the principles of the common law, and the appellant having paid his taxes voluntarily, they are not recoverable. Home Ins. Co. v. City of Birmingham, 236 Ala. 41, 180 So. 783.

As to the common count, the demurrer was properly sustained. Clearly there is a misjoinder of defendants as we judicially know that the tax assessor receives no monies but merely performs the administrative duties of entering assessments.

Affirmed.

PER CURIAM.

Affirmed in part and reversed and remanded in part on authority of, Ala., 119 So.2d 887.