The United States Court of Appeals, Eleventh Circuit, pursuant to Rule 18, Ala.R.App.P., has certified questions of law to us, 864 F.2d 752 (1989):
 QUESTIONS CERTIFIED "(1) Are superintendents of public schools or public colleges within the state of Alabama, either elected or appointed, officers within the meaning of article IV, section 98 of the Alabama Constitution of 1901?
 "(2) If superintendents, either elected or appointed, are officers within the meaning of article IV, section 98 of the Alabama Constitution of 1901, does this section prohibit such superintendents from participating in the Teachers' Retirement System of Alabama?
 "The particular phrasing used in the above certified questions is intended as a guide and is not meant to restrict the Supreme Court's consideration of the issues or the manner in which it gives its answers. The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama, and simultaneously to transmit copies of the certificate to the attorneys for the parties."
The following "Statement of the Facts" is presented to us in the certification:
 "The Retirement Systems of Alabama include the Employees' Retirement System and the Teachers' Retirement System. The Employees' and Teachers' retirement systems are managed and administered by different boards of control, Ala. Code §§ 36-27-2, 16-25-19 (1975), but Dr. [David] Bronner serves as Secretary/Treasurer for both systems.
 "Section 16-25-3(a) of the Alabama Code requires every teacher, as a condition of employment, to participate in the Teachers' Retirement System of Alabama. The definition of 'teacher' includes superintendents 'employed in any public school or public college within the state.' Ala. Code § 16-25-1(3) (1975). Pursuant to these sections Dr. Charles *Page 1174 
Edmonds first enrolled in the Teachers' Retirement System in 1969 and continued to participate until July 1, 1987. His benefits in that plan have now vested.
 "In 1985 Malcolm Brassell and other taxpayers filed suit in the Circuit Court of Montgomery County, Alabama against Dr. Bronner as Secretary/Treasurer of the Employees' Retirement System of Alabama, alleging that the participation by some state constitutional officers, mayors, members of the city council, county commissioners and sheriffs in the Employees' Retirement System violates article IV, section 98 of the Alabama Constitution of 1901. That section provides '[t]he legislature shall not retire any officer on pay, or part pay, or make any grant to such retiring officer.' This suit ended in a consent decree. The parties agreed that, for the purposes of the consent decree, many of the participants in the Employees' Retirement System may be officers within the meaning of section 98. The consent decree provided that elected officers who took office prior to October 1, 1985 could continue to participate in the Employees' Retirement System but officers elected after October 1, 1985 could not participate in the retirement plan. Brassell v. Bronner, No. CV-1089-G (Cir.Ct. 1985).
 "On November 19, 1985 the board of control of the Teachers' Retirement System voted to follow the rule of the Brassell consent decree and prohibit superintendents newly elected after October 1, 1985 from participating in the Teachers' Retirement System but allow appointed superintendents and those elected before October 1, 1985 to participate.
 "In 1987 Dr. Edmonds was elected superintendent of education for Marshall County and began serving his elective term on July 1, 1987. He was excluded from participating in the Teachers' Retirement System as of this date. Dr. Edmonds sued the board of control of the Teachers' Retirement System under 42 U.S.C. § 1981, 1983, and 1988 alleging that he was denied substantive and procedural due process and equal protection of the laws by the new limitations on eligibility to participate in the Teachers' Retirement System.
 "The district court granted summary judgment in favor of the defendants, concluding that section 98 prohibits elected superintendents from participating in the Teachers' Retirement System. It held that the distinction between elected and appointed superintendents was rational because only elected superintendents were state officers within the meaning of section 98. It further held that the distinction between superintendents elected before and those elected after October 1, 1985 was rationally related to the state goal of protecting those superintendents who sought office with the expectation that they could continue to participate in the retirement system. This appeal followed."
 ANSWER
Article IV, section 98, of the Alabama Constitution of 1901 provides:
 "The legislature shall not retire any officer on pay, or part pay, or make any grant to such retiring officer." (Emphasis supplied.)
This Court in Zeigler v. Baker, 344 So.2d 761, 767 (Ala. 1977), held that § 98 prohibited the Legislature "from grantinga public officer . . . retirement funds." (Emphasis supplied.) Because Governors were involved in Zeigler, this Court did not find it necessary to discuss who was a "public officer." That question was discussed in State ex rel. Gray v. King,395 So.2d 6, 7 (Ala. 1981):
 "A public office is the right, authority, and duty, created by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. Lacey v. State, 13 Ala. App. 212, 68 So. 706 (1915). Constitutionally, 'public office' implies an authority to exercise some portion of the sovereign power, either by enacting, executing or administering the laws." (Emphasis supplied.) *Page 1175 
This is in accord with Cobbs v. Home Ins. Co. of New York,18 Ala. App. 206, 209, 91 So. 627, 629 (1921), in which the Court of Appeals held that for a person to be an "officer" under Ala. Const. § 98, "it is necessary that he have and exercise certain independent public duties incident to an office created by law, carrying with it a part of the sovereignty of the state"; and with State ex rel. Hyland v. Baumhauer, 244 Ala. 1, 7,12 So.2d 326, 330 (1942), in which this Court held that an "officer," for purposes of Ala. Const. § 98, must be "vested with a part of the sovereignty of the State."
Is a county superintendent of education such an "officer"?
We have held that the state superintendent of education is an officer of the state board of education and not of the State, by the following reasoning:
 "All authority is vested in the Board of Education and not in the superintendent. Any authority the Superintendent has is given to him by the Board of Education. Thus, the superintendent is controlled by and is an officer of the Board of Education. . . .[1] Section 16-3-2, Code 1975, provides that the 'state superintendent of education shall be the secretary and executive officer of the board.' "
Britnell v. Alabama State Board of Education, 374 So.2d 282,286 (Ala. 1979). (Emphasis in the original.)
Section 256, Constitution of Alabama 1901, as amended by Amendment 111, provides:
 "The legislature may by law provide for or authorize the establishment and operation of schools by such persons, agencies or municipalities, . . . upon such conditions as it shall prescribe. . . ."
The Legislature enacted the School Code of 1927, parts of which are now codified as Ala. Code 1975, § 16-8-8, which provides in part:
 "The general administration and supervision of the public schools of the educational interests of each county, . . . shall be vested in the county board of education . . . ." (Emphasis supplied.)
Amendment 284, Const. of Ala. 1901, provides:
 "1. General supervision of the public schools in Alabama shall be vested in a state board of education, which shall be elected in such manner as the legislature may provide."
The Legislature clearly intended the county boards of education to have authority over the county educational system comparable to that that the state board of education has over the state educational system.
Amendment 284, Constitution of Alabama 1901, further provides, in pertinent part:
 "2. The chief state school officer shall be the state superintendent of education, who shall be appointed by the state board of education and serve at its pleasure. The authority and duties of the superintendent of education shall be determined by the state board of education according to such regulations as the legislature may prescribe." (Emphasis added.)
Other parts of the School Code of 1927, as codified, provide in pertinent part as follows:
 "There shall be a county superintendent of education in each county of this state who shall act as the chief executive officer of the county board of education and who shall also be secretary of the county board of education."
Ala. Code 1975, § 16-9-1. (Emphasis added.) *Page 1176 
County superintendents of education, whether appointed or elected, have to have certain minimum qualifications (Code 1975, § 16-9-2). As the executive officers of the county boardsof education, they must see that "the laws relating to the schools, [and] the rules and regulations of the state and county boards of education are carried into effect" (§16-9-13); they must recommend for approval and adoption by the county boards of education the kind, grade, and location of schools to be established and maintained (§ 16-9-14); they must recommend for approval and adoption by the county boards of education educational policies to promote the educational interests of the county and rules and regulations for the conduct of the schools (§ 16-9-15); they must prescribe courses of study for the schools of the county, which must be approved and adopted by the county boards of education (§ 16-9-21). None of the powers and duties given by the Legislature to county superintendents of education are "independent public duties incident to an office created by law, carrying with it a part of the sovereignty of the state." Cobbs v. Home Ins. Co. of NewYork, supra; see, also, State ex rel. Gray v. King, supra; andState v. Baumhauer, supra.
Examining the numerous local acts that pertain to the superintendent of education for Marshall County[2] (Act No. 35, Alabama Acts 1931, as amended by Act 197, Alabama Acts 1975 (Reg. Session), p. 682, and by Act 81-521, Alabama Acts 1981; and Act No. 81, Alabama Acts 1936 (Ex. Session), p. 43; Act No. 448, Alabama Acts 1951, p. 800; Act No. 14, Alabama Acts 1956, p. 260; Act No. 638, Alabama Acts 1957, p. 964; Act No. 55, Alabama Acts 1963, p. 434; Act No. 122, Alabama Acts 1967, p. 175; Act No. 1338, Alabama Acts 1971, p. 2287; Act No. 988 and Act No. 989, Alabama Acts 1975, pp. 2016-17; and Act No. 606, Alabama Acts 1978, p. 862), we note that none of these attempts to give to the Marshall County superintendent of education any duties or powers different from the duties or powers given to county superintendents of education generally, whether appointed by county boards of education or elected by the electors of a county. Ala. Code 1975, Title 16, Chapter 9 ("County Superintendents of Education"). None of these local acts gives the superintendent of education for Marshall County any independent duties incident to his office carrying with ita part of the sovereignty of the State.
Using the analysis used by Justice Almon in Britnell v.Alabama State Board of Education, supra, we conclude that all authority is vested in the county board of education (subject to the supervision by the State Board of Education) and not in the county superintendent. The county superintendent is controlled by and is an officer of the county board of education and, therefore, is not an officer as contemplated by§ 98.
Unless the fact that Dr. Edmonds was elected county superintendent of education rather than appointed to that position by the county board of education in some way makes him an "officer" as that word is used in Ala. Const. § 98, he is not such an officer.
 " 'Election' ordinarily has reference to a choice or selection by electors, while 'appointment' refers to a choice or selection by an individual."
Black's Law Dictionary 465 (5th ed. 1979).
 "The words 'elect' and 'appoint' are not legally synonymous. The term 'election' carries with it the idea of a choice in which all who are to be affected by the *Page 1177 
choice participate, whereas an appointment is generally made by one person or by a limited number acting with delegated powers. However, the words are sometimes indiscriminately employed in constitutional and statutory provisions, and for the purpose of ascertaining the correct interpretation, the courts must give to the word used a meaning according to the connection in which it is found. Thus, in some provisions the word 'election' has been held to be equivalent to the word 'appointment,' and the word 'appointment,' as employed in the Federal Constitution with reference to selection of presidential electors, has been interpreted to be sufficiently comprehensive to include the result of a popular election."
25 Am.Jur.2d Elections § 1 at 691-92 (1966).
 " 'Etymologically speaking, election denotes choice, selection out of the number of those choosing.' In common use, however, it has come to denote such a selection made by a distinctly defined body, as by 'the voters of an entire class,' and while the words 'appointment' and 'election' are not synonymous, yet they are sometimes used interchangeably in statutes. 9 R.C.L. 977. An interesting discussion of the meaning of these words is found in Reid v. Gorsuch, 67 N.J.Law 396, 51 A. 457, 459 [(1902)], where is cited a definition of election from Bouvier's Law Dictionary, as follows: 'Election. Choice; selection. The selection of one person from a specified class to discharge certain duties in a state, corporation, or society.' And another from Century Dictionary: 'Elect. To pick out; select from among a number.' And in Odell v. Rihn, 19 Cal.App. 713, 127 P. 802, 805 [(1912)], it was said: 'In its broadest sense, * * * the word "elected" means merely "selected." ' "
Smith v. McQueen, 232 Ala. 90, 93, 166 So. 788, 791 (1936).
Whether an officer is a public officer under Ala. Const. § 98 must be determined by examining the duties of the office, the "being there," rather than the method by which the officer is selected, i.e., appointment or election, the "getting there." Are the duties of the office performed independently or under the control of a superior officer and not simply under the control of the law? If the former, then it is a public office and Ala. Const. § 98 prohibits the retirement on pay or part pay or a grant to such an officer, unless such is specifically authorized under some other provision of the Alabama Constitution of 1901, as amended. If the latter, then it is not a public office and Ala. Const. § 98 does not prohibit the retirement on pay or part pay of the person occupying that office. Britnell v. Alabama State Board ofEducation, supra. Dr. Edmonds's duties as superintendent of education of Marshall County are performed under the control of the Marshall County board of education, and the method by which he was selected for that position is irrelevant in determining whether he is an officer under Ala. Const. § 98. Dr. Edmonds is not such an officer.
County superintendents of education, either elected or appointed, are not officers within the meaning of article IV, § 98, of the Alabama Constitution of 1901.
We decline to address the question whether other superintendents of public schools or administrators of public colleges within the state of Alabama are such officers. However, the analysis used in this opinion could be used to determine whether they are such officers.
A person, either elected or appointed, is not prohibited from participating in the Teachers' Retirement System of Alabama by virtue of holding the office of county superintendent of education.
CERTIFIED QUESTIONS ANSWERED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and KENNEDY, JJ., concur.
STEAGALL, J., recused.
[1] Britnell involved § 286, Constitution of Alabama 1901: "The salary, fees, or compensation of an officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed." We can find no discernible difference between "officer" in § 98 and § 281 of the Constitution from the Official Proceedings of the Constitutional Convention of 1901, which we may look to in construing a provision of the Constitution (City of Montgomeryv. Graham, 255 Ala. 685, 53 So.2d 363 (1951), and Zeigler v.Baker, supra); nor do we find a difference from the constitutional provisions themselves.
[2] Article IV, § 105, Alabama Constitution of 1901, mandates that:
 "[N]o . . . local law . . . shall be enacted in any case which is provided for by a general law, . . . nor shall the legislature indirectly enact any . . . local law by the partial repeal of a general law."
We do not mean to imply that the local acts listed above could give the Marshall County superintendent of education duties or powers different from those duties and powers given to county superintendents of education under the general law, under the above constitutional prohibitions, but merely that they did not even purport to do so. See, Peddycoart v. City ofBirmingham, 354 So.2d 808 (Ala. 1978). *Page 1178