Appellant Moore filed his bill in the circuit court of Leon county seeking an injunction restraining the county commissioners of said county from placing the name of Respondent Clarke on the ballot to be voted on in the general election to be held in November, 1928, as the nominee of the Democratic party for office of tax assessor of said county. The facts alleged in the bill are much the same as those later presented in a petition by said Moore for writ of mandamus, and which are summarized in the opinion of this Court, decided on this day, in the case of Board of County Commissioners of Leon County et al., v. State, ex rel. Moore. The court below denied the prayer of the bill and dismissed the cause. In its order the court stated that "there is no equity in the bill of complaint such as would give unto the court jurisdiction to hear and determine the matter." From this order the present appeal was taken.
Some of the questions involved in this case are discussed and decided in the mandamus case between the same parties above mentioned, which has been decided on this date and it is therefore unnecessary to discuss such questions here. For instance, under the opinion and decision in that case, it cannot be contended in this case that it is essential to appellant's right to have his name placed on the ballot by petition that the county commissioners be restrained from placing the name of W. L. Clarke on such ballot as the nominee of the Democratic party, inasmuch as he, Clarke, was not nominated by either primary election or by convention. And as appellant does not himself claim *Page 521 
to be the party nominee, nor a public officer, a serious question arises as to his standing in a court of equity for the purposes of this case — a question however which it is not necessary for us here to decide. Neither is it necessary on this appeal to determine the question as to whether the meeting of the executive committee which nominated said Clarke was held after proper notice to those five other persons who had been elected to the committee by other precincts in previous years and who were not present at the meeting of the committee. It is admitted that all eleven of the members who had been elected from the eleven precincts who had elected members of the executive committee in the primary of June 5, 1928, were present. If they constituted the complete and lawful committee, the other ten precincts not having elected any members of the committee in 1928, they could certainly waive the formal written notice provided for by the statute and proceed to name a nominee as required by law. If the five other persons who had been elected as committeemen by five of the remaining precincts in previous years, and who it is alleged were not notified, had ever accepted membership on the committee, or had ever acted as members, it is not so alleged in the bill. It might be presumed from the allegation as to their election that they were still living, and still citizens of Leon County, though one is alleged to have been elected as far back as 1914, three in 1920 and one in 1926, but it does not appear from the bill that a single one of these five alleged "hold-over members" had ever accepted membership on the committee, or had ever impliedly accepted membership by attending a single meeting of the committee, or in any way acting as a member thereof. It is contended that these five men were hold-over members and entitled to notice of the meeting, by analogy to that principle of corporation law which holds that an officer or *Page 522 
director of a corporation continues to hold office until his successor is elected or qualified. But this doctrine of holding over does not apply to one who, although elected a director, did not accept the office, or qualify, or act, during the term for which he was elected. 14A C. J., 73. Aside therefore from the question as to whether the statute provides for and contemplates a new and freshly elected committee every two years, and hence eliminates the applicability of the hold-over doctrine, the court below will not be put in error for refusing the injunction in the absence from the bill of any allegation that these five alleged "hold-over members" had ever in fact acted in any way as members of the county executive committee. One of them was elected fourteen years ago and three of them eight years ago but it is not alleged that either of them had acted as committeemen during that long period. Furthermore, one seeking to invalidate the action of the executive committee for lack of notice to these persons should allege that it was possible to have given them notice, or facts from which it could well be presumed that they could have been notified.
It is also contended that the principle contained in Sec. 14, Article XVI of our constitution, should be applied to county executive committeemen of a political party. That section reads:
"All State, county and municipal officers shall continue in office after the expiration of their official terms until their successors are duly qualified."
While there are some references in decided cases to executive committee members of a political party as "officers or quasi-officers," or words of like import, (see D'Alemberte v. State, 56 Fla., 162, 188, and cases cited), we think it is perfectly plain that they are not "officers" within the meaning of this section of the constitution, *Page 523 
which relates solely to "State, county and municipal officers," and we so hold. 29 Cyc., 1365; Attorney General v. Drohan,160 Mass. 534, 48 N.E. R. 279; 61 Am. St. R. 301; State v. Haskell,72 Fla. 176, 216.
It is not therefore incumbent upon us to discuss or determine in this case the question of the validity vel non of the meeting of the executive committee which named defendant Clarke as the party nominee, nor the question as to whether the general subject matter of the bill, by reason of its political nature, is, or is not, one of equity cognizance. Entirely aside from those questions, the action of the court below in denying the injunction and dismissing the cause should be affirmed, for the reason hereinabove briefly adverted to and for others which time will not permit us to discuss.
Affirmed.
WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.