STATE OF FLORIDA, ex rel. H. R. HARRIS, *Relator*, vs. WM. P. BELOTE, et al., as and constituting the Board of County Commissioners of Duval County, Florida, *Respondents*.

143 So. 881.
Opinion filed October 6, 1932.

*Edgar W. Waybright* and *Mary K. Davey*, for Relator.

PER CURIAM.—The Relator has filed a petition for alternative writ of mandamus to be directed to the respondents requiring them in their official capacity to "recognize H. R. Harris as a candidate for County Commissioner in Duval County, District 1 of the Prohibition Party, and cause the name of the said H. R. Harris to be printed on the ballots to be used in Duval County and in general elections."

It is alleged in the petition that the relator is entited to the relief prayed by virtue of chapter 14657, Laws of Fla. 1931. It is alleged that Harris is qualified to hold the office of County Commissioner of Duval County under the laws of the State of Florida. It is further alleged,

"That upon the 23rd day of September A. D. 1932, your relator was duly and regularly nominated by the Executive Committee of the Prohibition Party as a candidate for the office of County Commissioner, District Number One, Duval County, Florida, a copy of which certificate as filed with the Board of County Commissioners aforesaid, is hereto attached, marked Exhibit 'B' and made a part hereof as fully and to the same extent as if set forth in extensio."

The petition fails to allege that the Prohibition Party is a political party within the purview of the statutes of the State of Florida.

Political parties are defined by section 300 R. G. S.,

356 C. G. L. Section 256 R. G. S., 312 C. G. L., as amended by chapter 14657 Acts of 1931, applies only to candidates who are nominees of a political party within the purview of section 300 R. G. S., 356 C. G. L.

There is no provision under the laws of Florida as they exist at this time for any candidate other than a nominee of a political party within the purview of the statutes above referred to, to procure the printing of his name no the official ballot furnished by the State and County.

The privilege of having the name printed on the ballot (since the printing of the ballot is at the public's expense) is one which the State may control by legislative enactment. State v. Dillon, 32 Fla. 545, 14 So. 383; Cole v. Locker, 164 Mass. 486, 41 N. E. 681; 29 L. R. A. 668. The right of the voter to vote for a candidate of his choice regardless of whether such candidate has been nominated by any political party within the purview of the statutes is not denied. In fact, express provision is made in the statute allowing the voter to write the name of any candidate of his choice in a blank space to be left for that purpose on the ballot and to vote for such candidate. Section 312 (256) C. G. L.

The petition is denied.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.