STATE, *ex rel.* HELEN HUNT WEST, *et vir,* v. ROBERT A. GRAY, Secretary of State, J. M. LEE, State Comptroller, and Cary D. Landis, Attorney General, as and constituting the State Canvassing Board of Primary Elections, and ROBERT A. GRAY, as Secretary of State.

169 So. 37.
Opinion Filed June 13, 1936.

*W. J. Oven, Jr.,* and *W. J. Oven,* for Relator.

PER CURIAM.—In Re: Petition for Writ of Mandamus in matter of State of Florida, upon relation of Helen Hunt West, joined by Byron McG. West, her husband, v. Robert A. Gray, *et al.,* etc.

Section 332 R. G. S., 389 C. G. L., provides as follows:

"The state executive committee of any political party may, by resolution, declare for the nomination of candi-

dates for other than elective offices, and also for the selection of national committeemen, delegates to national political conventions, and for President and Vice-President of the United States. Upon the adoption by such committee of a resolution for the nomination or selection of any such additional candidates or delegates, and upon service of a certified copy thereof upon the Secretary of State, within the time required for filing sworn statements by candidates, the names of candidates for such offices and positions shall appear upon the official primary election ballot. The form of ballot shall correspond in all respects to the form herein prescribed."

The petition as amended shows that on the 18th day of February, 1936, at a regular meeting duly called of the State Democratic Executive Committee of Florida, a Resolution such as is contemplated by the statute above quoted was adopted and later filed in the office of the Secretary of State of the State of Florida.

Section 2 of that Resolution was as follows:

"SECTION 2. That one candidate of the Democratic Party of Florida for Representative in Congress, in the first, second, third, fourth and fifth districts in the General Election in November, 1936, be nominated in the Democratic Primary Election to be held on the first Tuesday after the first Monday in June, 1936, and, in such case where no nomination is made, then such candidates shall be nominated in a Primary Election to be held on the fourth Tuesday after the first Monday in June, 1936, as provided by Statute;"

Section 4 of the Resolution for the purpose of carrying out the provisions of Section 332 R. G. S., 389 C. G. L., was as follows:

"SECTION 4. That in the said primary election there shall be selected in each county of the State of Florida, one man and one woman as members of the State Democratic

Executive Committee; and in each county one man and one woman as members of the Congressional Democratic Executive Committee, and in each county of the State of Florida there shall be selected from each election district one man and one woman as members of the County Democratic Executive Committee; eighteen delegates to the National Democratic Convention, to be apportioned as follows, to-wit: Eight from the State at Large, four men and four women who shall have one-half vote each, the four men receiving the highest vote and the four women receiving the highest vote in the Primary Election to be held the first Tuesday after the first Monday in June, 1936, shall be declared the delegates from the State at Large; and two from each of the five Congressional Districts, and the two candidates for Congressional Delegates from each Congressional District receiving the highest vote shall be declared elected, and in said Democratic Primary Election there shall be nominated one Committeeman and one Committeewoman to be members of the Democratic National Committee;"

It will be observed that the Resolution provides as follows:

"The four men receiving the highest vote and the four women receiving the highest vote in the Primary Election to be held the first Tuesday after the first Monday in June, 1936, shall be declared the delegates from the State at Large, and two from each of the five Congressional Districts, and the two candidates for Congressional Delegates from each Congressional District receiving the highest vote shall be declared elected, and in said Democratic Primary Election there shall be nominated one committeeman and one committeewoman to be members of the Democratic National Committee."

The words "in said Democratic Primary Election" last above quoted refer to that primary election theretofore de-

scribed as the primary election to be held the first Tuesday after the first Monday in June, 1936.

The positions of National Committeeman and National Committeewoman are not offices as contemplated by the Constitution and laws of Florida. They are merely political party positions.

Section 332 R. G. S., 389 C. G. L., does not require that such positions be filled by primary election, but merely authorizes the State Democratic Executive Committee to provide by Resolution for the *selection* of persons to fill such positions by vote in the Primary Election, if that Committee sees fit to do so.

The Committee has not by Resolution clearly required the two men and the two women receiving the highest vote in the Primary of June 2nd to engage in a run-off election in the Primary of June 23rd.

It will be observed that Section 332 R. G. S., 389 C. G. L., has not been amended.

Chapter 13761, Laws of Florida of 1929, amended the so-called Bryan Primary Law and provided for a first and second primary election. Section 17 of that Act provided as follows:

"Section 17. All of the matters and things required by law as it exists at the time this Act shall take effect, and having reference to primary elections shall be held to relate to the first primary election herein provided for except as otherwise provided in this Act."

Therefore, the provisions of Section 332 R. G. S., 389 C. G. L., apply to the first primary election, unless and until otherwise provided for.

It is not made clearly to appear, nor is it made *prima facie* to appear by the Petition and Resolution thereto attached and made a part thereof, that the Petitioner is entitled to the relief prayed.

So the petition for alternative writ of mandamus should be and the same is hereby denied.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.