JOS. R. STEIN, FRED M. CONE, S. J. HILBURN, *et al.,* as Members of and Constituting the Florida State Racing Commission, and the FLORIDA STATE RACING COMMISSION, Petitioners, v. BISCAYNE KENNEL CLUB., INC.; OLLIS OSTENDORF and GEORGE C. STEMBLER, as a citizen and resident taxpayer of Dade County, for and in behalf of himself and all others similarly situated, Respondents.

199 So. 364
En Banc
Opinion Filed December 16, 1940
Rehearing Denied January 14, 1941

*H. P. Baya* and *L. S. Gaulden,* for Petitioners;

*Robert C. Lane, Geo. L. Patterson* and *James C. Knight,* for Respondents.

BUFORD, J.—On petition for certiorari under Rule 34 to review an order restraining the enforcement of an order of the State Racing Commission of November 16, 1940, and requiring the State Racing Commission to give force and effect to its order of November 2, 1940, wherein Biscayne Kennel Club was awarded dates for conducting race meetings in the season of 1940-1941 for "90 days beginning Dec. 2nd through Dec. 21st, Dec. 25th through March 18th" it is only necessary for us now to determine the validity of the award of those dates.

The record shows that for the season 1939-1940 Biscayne Kennel Club under permit duly issued operated its dog racing track in Dade County for a period of ninety days beginning either on December 25, 26 or 27 (which date is not clear). So it is that the track was operated for a period of ninety days within one twelve month period either from the 25th, 26th or 27th of December, 1939.

Section 8 of Chapter 14832, Acts of 1931, provides:

"Section 8. No license or licenses shall be granted to any person, association or corporation or to any race track for a meet or meeting in any county to extend longer than fifty racing days for horse racing and ninety racing days for dog racing in any twelve month period."

It necessarily follows that if Biscayne Kennel Club began its racing on December 25, 1939, and continued for a period of ninety days December 25 was the beginning of a twelve month period and December 24, 1940, will be the end of that twelve month period. So under these conditions Biscayne Kennel Club had consumed all its legally allowable racing dates within that twelve month period.

That this was and is the legislative intent is shown by Section 4 of Chapter 17276, Acts of 1935, which in this connection provides:

Any person, association or corporation desiring to operate a race track in this State shall have the right, subject to the provisions of this Act, to hold and conduct one or more race meetings at such tracks each year. Hereafter horse race track meetings shall be held only during the period extending from and including the 10th day of December to and including the 10th day of April the following year. and hereafter dog race track meetings shall be held only during the period extending from and including the 1st day of December in each year to and including the 10th day of April the following year; Provided, that both horse

race and dog race meetings shall be limited as to number of racing days as provided in Section 8 of Chapter 14832, Laws of Florida, Acts of 1931, and provided further no race or racing shall be permitted on Sunday."

It must be assumed that the Legislature had some purpose in using particular language in a legislative Act. If the Legislature did not intend the language to be construed as we construe it, then that language was mere surplusage and the legislative Act with the language, viz.: "in any twelve month period" meant nothing more than it would mean without those words included. So we must construe the language to have been inserted for a purpose and not merely to cause confusion.

Whether a dog race track is allowed 90 days or less for racing in any one racing season is a matter in the discretion of the commission and the statute not only limits the allowable days in a racing season, but also, whether wisely or unwisely, has limited the available days which may be allowed in any twelve month period. We have been unable to find a judicial construction of this identical language, but the phrase, "in any 24-hour period" has been construed and the construction has been uniformly in harmony with the construction here applied.

Section 62, Vol. 45 USCA provides that "No operator . . . shall . . . remain on duty for a longer period than nine hours *in any 24-hour period.* . . ."

"The 24-hour period must be counted from the time the operator goes on duty." U. S. v. Missouri Pac. R. Co., 235 Fed. 944.

"The words 'in any 24-hour period' mean any 24 consecutive hours during which an employee is on duty more than the prescribed time." U. S. v. Atlantic Terminal Co., 30 Fed. (2d) 109.

"Provision that no dispatcher shall be required or per-

mitted to be or remain on duty for more than 9 hours in 'any 24-hour period' means 24 consecutive hours following any point of time." U. S. v. Northern Pac. Ry. Co., 6 Fed. Supp. 278, aff. 77 Fed. (2d) 587.

For the reasons stated the purported action of the Racing Commission on November 2, 1940, was *ultra vires* and void.

The writ of certiorari having been granted, the challenged order of the circuit court is quashed with directions that an order be entered in the court below dismissing the cause.

So ordered.

WHITFIELD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

TERRELL, C. J., and BROWN, J., dissent.

BROWN, J. (dissenting).—Construing Section 8 of Chapter 14832, Acts of 1931, in connection with Section 4 of the same Act, and also said Section 4 of the same Act as later amended by Section 4 of Chapter 17276 of the Acts of 1935, which is quoted in full in Mr. Justice BUFORD's opinion, I think the "twelve months period" referred to in Section 8 of Chapter 14832, should be construed to begin with the first day of the "racing season" as fixed by said Section 4 which, for dog tracks, begins on December 1 in each year and ends on April 10 of the following year, but the number of racing days during such period must be limited in the license issued by the Commission to fifty days for horse racing and ninety days for dog racing "in any twelve months period," which, as I construe it, means within the twelve months period beginning with the permissive racing seasons as provided for in said Section 4.