STATE OF FLORIDA, upon, the Relation of W. W. TRAER, GEORGE S. PATTERSON, C. C. HOLLOWAY, CARL HANTON, J. K. DAVID, WALTER M. PIERCE, HARRY VOORHIS, and F. M. TURNER, v. R. A. GRAY, Secretary of State of the State of Florida.

19 So. (2nd) 311
September 29, 1944

June Term, 1944
En Banc

*Waybright & Waybright,* and *Giles J. Patterson,* for relators.

*J. Tom Watson,* Attorney General, and *Howard S. Bailey,* Assistant Attorney General.

TERRELL, J.:

Petition for alternative writ of mandamus prays that the Secretary of State be required to certify the names of relators to the county commissioners of each county of the State to be printed on the ballot and voted for as presidential electors of the Independent Party in the general election to be held in November, 1944. Respondent moves to quash the petition because it fails to show that petitioners are the nominees of the Independent Political Party for presidential electors as contemplated by Chapter 22039, Acts of 1943.

In fine, respondent contends among other things, that Chapter 22039, Acts of 1943, does not repeal that part of Section 102.02, Florida Statutes of 1941, defining a political party as one which at any time within four years next preceding the last primary election had registered as members thereof more than five per cent of the total registered voters of the State of Florida.

The duty of the respondent in the premises is defined by Sections 99.10 and 99.13, Florida Statutes of 1941, being a part of Chapter 4328, Acts of 1895, which was a complete revision of the general election laws and required the county commissioners to include on the official ballot the names of all candidates nominated by "caucus, convention, mass meeting, primary election or other assembly of any political party or faction." Candidates for state office were required to be certified to the county commissioners by the Secretary of State and included in the same list.

The law continued in this State until 1923, despite Section 102.02, Florida Statutes of 1941, which was a part of Chapter 6469, Acts of 1913, better known as the Bryan Primary Law, and which required all political parties thereunder to nominate its candidates for all elective offices as required thereunder and not otherwise, that is to say, by primary election.

In 1923, ten years after the primary law, the Legislature enacted Chapter 9293, amending Chapter 4328, Acts of 1895, by limiting the names to be included on the ballot to those nominated by "convention or primary election."

In 1931, the Legislature enacted Chapter 14657 amending Chapter 4328, Acts of 1895, to require the names of candidates nominated "by primary election or the appropriate executive committee of any political party" to be printed on the ballot. Construing this amendment in State ex rel. Harris v. Belote, 106 Fla. 938, 143 So. 881, this Court held that only the names of those nominated in a primary election could require their names to be printed on the official ballot, this because of the requirement that "all committee nominations shall be made as provided by the laws governing primary elections." See also State ex rel. Barnett v. Gray, 107 Fla. 73, 144 So. 349.

Both the foregoing decisions and the amendments had to do with the general election laws. In State ex rel. Merrill v. Gerow, 79 Fla. 804, 85 So. 144, decided in 1918, it was expressly held that the primary law did not apply to a party which had failed in the last general election (1916) to cast five per cent of the total vote (amended by Chapter 8582, Acts of 1921, to require thirty per cent) even though it cast more than that number at the previous election. Ex parte Hawthorn, 116 Fla. 608, 156 So. 619; State ex rel. Andrews v. Gray, 125 Fla. 1, 169 So. 501. The latter cases repeatedly refer to major political parties as covered by the primary law. In other words, prior to 1931, minor political parties were permitted to nominate by caucus, convention, or mass meeting notwithstanding the primary.

In view of the foregoing, it would seem that the reasonable purpose of Chapter 22039, Acts of 1943, was to restore the status of minority parties as it existed prior to Chapter 14657, Acts of 1931, since it expressly permits the State Executive Committee of such parties to provide by resolution for the nomination of presidential electors and party committeemen and committeewomen. It is silent as to elective state and county officers. In the Gerow case, supra, such parties were referred to as "an aggregation of persons held

together by a community of political principles and interests" and being so it was competent for the Legislature to again relieve them from the burden of holding a primary election as they had at all times been prior to 1931.

We think however that the petition should show that such minority political parties were bound together in some kind of an organization and that for at least two consecutive presidential elections they attempted but failed to elect a majority of the electors for president and vice president. The statute seems to require this and the petition is deficient in failing to so allege. The motion to quash is accordingly granted.

It is so ordered.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.