56 So.2d 716 (1952)
ALEXANDER et al.
v.
BOOTH et al.
Supreme Court of Florida, Division B.
February 5, 1952.
Rehearing Denied February 22, 1952.
*717 Ward & Ward, and Emmett C. Choate, all of Miami, for petitioners.
E.F.P. Brigham, Miami, for respondents.
MATHEWS, Justice.
This is a petition for a writ of certiorari to review the order of the Judge of the Circuit Court of Dade County denying the motion of petitioners herein to dismiss a complaint in equity.
The purpose of this suit was to determine the manner or method of selecting or electing National Committeemen and National Committeewomen and Delegates to the National Republican Convention. The Respondents here, plaintiffs in the Court below, contended that Section 103.101(7), F.S.,F.S.A., Election Code, gives the individual members of the Republican Party the right to elect persons to fill these party offices, either in a primary, or in some other method or manner. The petitioners here, defendants below, claim that the above section vested in the State Executive Committee of the party the power and discretion of determining the manner or method of electing or selecting such party officers, and if the Committee determines that such officers should be selected or elected by it, the Committee then has the power to proceed to select or elect such party officers.
The respondents alleged that they were informed and believe that it is the intention of the petitioners, unless enjoined by decree of the court, to "attempt to elect, choose, or select" Delegates to the National Convention and Committeemen and Committeewomen, and the respondents prayed that the Court would enjoin the petitioners and each of them in their representative capacities as Members of the Republican State Executive Committee of Florida, from choosing, selecting, or attempting to do so, the Party officers in question.
These questions necessarily involve the proper construction to be placed upon Subsection 7 of Section 103.101, F.S.,F.S.A., and the power of the courts to interfere with, or regulate, the affairs of political parties in matters not regulated or controlled by Statutes.
There are certain facts and principles which are admitted by all parties to this *718 cause. Prior to the enactment of the so-called Election Code by the Legislature in 1951, the Republican Party in this State was a minority party. By the enactment of the Code of 1951, we now have 3 classes of political parties.
A minority political party is defined in Subsection 3 of Section 102.71, F.S., now F.S.A. § 103.091, to be "any political party now or hereafter existing, which for two consecutive presidential elections in this state polls a total of not less than five percent (5%) of the total vote cast but which has failed to elect a majority of the electors of President and Vice President of the United States and has failed to elect a Governor of Florida."
All political parties not within the definition of minority parties are further classified for the purpose of regulation by Section 103.101, F.S.,F.S.A. This section reads as follows:
"(1) Each political party which had cast for its candidate for governor in the last election more than twenty percent of the total vote case for governor shall elect at the second primary in the year 1952 and every four years thereafter the delegates of said party to the national convention, one man and one woman delegate from each congressional district.
"(2) Each political party which had cast for its candidate for governor in the last election more than twenty percent of the total vote cast for governor shall elect at the second primary in the year 1952 and every four years thereafter the remaining delegates which said party is entitled to have as representatives at the national convention from the state-at-large and the number is equally divided, one-half women and one-half men.
"(3) Each candidate for election as a delegate to a national convention may have printed in small type following his or her name the name of the candidate for president whom he or she intends to vote for in said convention.
"(4) National committeemen and committeewomen of any political party authorized to have a primary under this section shall be elected in the first primary in the year 1952 and every four years thereafter.
"(5) Wherever an election is conducted for party delegate or officer, the results of such election are determined by plurality vote.
"(6) The names of all candidates for delegates shall be alphabetically listed according to surname.
"(7) Each political party whose candidate for governor in the last election for governor received less than twenty percent of the total vote cast for said office shall elect its delegates to its party's national convention and its national committeemen and national committeewomen in such manner as may be determined by the state executive committee of said party."
It will, therefore, be observed that each political party which has cast for its candidate for governor in the last election more than twenty percent of the total vote cast "shall elect at the second primary in the year 1952", and every four years thereafter delegates of the said party to the National Convention, one man and one woman Delegate from each Congressional District. In Subsection 2 the same provision applies with reference to Delegates to the National Convention from the State at large. Similar provisions in Subsection 4 relate to National Committeemen and National Committeewomen. These provisions with reference to a political party which had cast for its candidate for governor in the last election more than twenty percent of the total vote cast are mandatory, and as to such a political party, neither the Executive Committee nor any other body has any discretion as to the manner of electing these party officers. The manner and method of so doing is provided by Statute, and is exclusive.
Subsection 7 of Section 103.101 covers each political party whose candidate for governor in the last election received less than twenty percent of the total vote cast for said office.
This Subsection 7 of Section 103.101 was enacted for some purpose. We cannot assume that the Legislature would *719 enact a law without some purpose in view. See Girard Trust Co. v. Tampashores Development Co., 95 Fla. 1010, 117 So. 786.
The statutes provide for State Executive Committees of political parties. See Section 103.111. The members of such committees are required to be elected in primary elections, beginning with the year 1942, and every four years thereafter. Such a committee is empowered "to do anything that is considered by custom and practice as proper for party committees". See Subsection 7 of Section 103.121, F.S.A.
Not only in the State of Florida, but throughout other states of the Union by "custom and practice" party Executive Committees have exercised the power to elect, or select Delegates to the National Convention, when the subject matter is not regulated or controlled by Statute. See Stanford et al. v. Butler et al., 142 Tex. 692, 181 S.W.2d 269, 153 A.L.R. 1054; State ex rel. West v. Gray, Sec. of State et al., 124 Fla. 528, 169 So. 36; Smith et al. v. McQueen, 232 Ala. 90, 166 So. 788; State ex rel. Traer et al. v. Gray, Sec. of State, 154 Fla. 861, 19 So.2d 311.
National Committeemen and National Committeewomen and Delegates to a National Convention are party officers and not state officers. Unless controlled or regulated by Statutes, the selection or election of such officers is a party matter. With reference to the Republican Party in this state and the manner or method of selecting, or electing, such party officers, Subsection 7 of 103.101 and Subsection 7 of 103.121 are controlling. The only limitation is that such officers shall be elected "in such manner as may be determined by the state executive committee of said party." The courts have no right, power, or authority to exercise any control or regulation over the discretion vested in State Executive Committees by the statute. See State ex rel West v. Gray, Sec. of State et al., 124 Fla. 530, 169 So. 37; Smith et al. v. McQueen, supra; State ex rel. Traer et al. v. Gray, Sec. of State, supra.
It is not necessary that the individual members of the Republican Party vote for these party officers. There is no merit to the contention that there can be no election unless the whole membership of a party is given an opportunity to vote for such party officers. The members of the party are given the privilege of voting for members of the State Executive Committee. The State Executive Committee elects its officers; such as, chairman, vice-chairman, secretary, treasurer, and they become party officers although not elected directly by the membership of the party. The State Executive Committee of the party represents the party. The remedy of the individual members of the party is to vote for candidates for the State Executive Committee who they consider will carry out their wishes.
"Elect" means to pick out or choose from among a number, to select for office of employment by a majority of votes. State ex rel. Cook v. Doss, 102 W. Va. 162, 134 S.E. 749, 750.
The primary meaning of the word "election" is choice; the act of choosing. State ex rel. Harris v. Tucker, 54 Ala. 205, 210; Seaman v. Baughman, 82 Iowa 216, 47 N.W. 1091, 1092, 11 L.R.A. 354.
"Election" is defined to be "the choice which several persons collectively make of a person to fill an office or place." Maynard v. Board of District Canvassers, 84 Mich. 228, 47 N.W. 756, 759, 760, 11 L.R.A. 332, quoting Bouv. Law Dict.; State v. Williams, 60 Kan. 837, 58 P. 476, 477; State ex rel. Nicholls v. City of New Orleans, 41 La. Ann. 156, 6 So. 592, 597.
The word "election", when standing alone, is defined as the act of choosing; choice; the act of selecting one or more from others. Hence, appropriately, the act of choosing a person to fill an office or employment by any manifestation of preference, as by vote, uplifted hands, or viva voce. Brown v. Phillips, 71 Wis. 239, 36 N.W. 242, 247; State v. Hirsch, 125 Ind. 207, 24 N.E. 1062, 1063, 9 L.R.A. 170.
The word "manner" used in the statute is broad enough to include method. When the State Executive Committee determines the manner or method of electing its party officers, such determination will be final and conclusive.
*720 We hold that the Republican Party under the facts in this case is controlled by Subsection 7 of Section 103.101; that the sole and absolute discretion of determining the manner or method of electing the party officers in question is vested in the State Executive Committee of the party, and that the exercise of such discretion is beyond the control or regulation of the courts. If the State Executive Committee of the Republican Party of the State of Florida, in the exercise of its discretion, determines that these party officers should be elected by the members of the Committee, such election by the Committee will be final and conclusive.
Even though we may agree with the respondents, that it would be more in keeping with democratic principles and processes for these party officers to be elected, or selected, by the rank and file of the party membership, either in a primary or in some other manner or method, there is nothing we can do about it. This Court cannot make or change the law. We can only construe the law as we find it. This is a question of policy. The remedy in the first place is with the Legislature. It could have made the selection of these party officers, by a primary election, mandatory. The Legislature did not see fit to do this, but left it to the discretion of the State Executive Committee to determine the manner or method of electing these party officers. If the Legislature will not respond to the pleadings of the rank and file of the Republican Party, then the only remedy left is for the membership of the party to elect members of the State Executive Committee who will carry out their wishes and desires.
Having reached the above conclusion which determines the case, we do not pass upon or decide any other question presented.
The petition for writ of certiorari is granted and the order appealed from is quashed, and the bill of complaint should be dismissed.
Reversed with directions.
SEBRING, C.J., and CHAPMAN and ROBERTS, JJ., concur.