QUESTIONS: 1. Is the secretary of state legally empowered to remove from the ballot the name of a person in respect of whom the Ethics Commission has found intentional violation of Part III, Ch.112, F.S.? 2. If the answer to the foregoing question is in the affirmative, is the secretary of state obligated to remove a name from the ballot upon the Ethics Commission's finding intentional violation? 3. If the answer to the foregoing question is in the negative, what is the legal authority of the secretary of state to remove a name from the ballot?
SUMMARY: Upon a finding that a candidate has intentionally violated Part III, Ch. 112, F.S., the secretary of state has the legal authority and is obligated to certify to the appropriate boards of county commissioners that the candidate is no longer duly qualified to have his or her name on the ballot and that the name must be removed from the ballot. The secretary of state has the responsibility to determine whether an intentional violation has occurred based upon all the evidence, but the secretary of state should give great weight to the findings of the Commission on Ethics and should not disregard the findings of the Commission on Ethics in the absence of compelling evidence to the contrary. AS TO QUESTION 1: The secretary of state, as head of the Department of State, has the legal duty to receive the qualification papers and filing fees of candidates for state offices. Section 99.061(1) and (2), F.S. Within ten days after the last day to qualify, the Department of State must certify to the boards of the various county commissions the names of all duly qualified candidates for nomination who are required by law to qualify with the Department of State. Section 99.061(4), F.S. The boards of county commissioners of each county have the general responsibility to print the ballots. See ss. 99.121(3), 100.051, 101.141(6), 101.151(7), 101.20(2), 101.251, 101.253, and 101.27(5) and (7), F.S. The Department of State has continuing authority over the ballot in at least two areas. Pursuant to s. 101.253, F. S., the Department of State must give approval for the voluntary withdrawal of certain candidates from the ballot. With regard to the form of voting machine ballots, the Department of State must give final approval. See s. 101.27(7), F.S. With respect to candidates required to file with the secretary of state, it is apparent that the legislature intended the secretary of state have general responsibility and authority to insure that only
candidates complying with all statutory procedures have their names printed on the ballot. Section 99.061(4), F.S. Chapter 74-177, Laws of Florida, enacted by the 1974 Legislature, established new statutory procedural requirements for candidates. Section 112.3145, F.S., created by Ch. 74-177, requires all candidates to file a statement of disclosure no later than twelve o' clock noon on the tenth day after the last day to qualify as a candidate. The disclosure statement must be filed with the secretary of state if a state office is sought, and must be filed with the clerk of the circuit court of the county of residence or principal employment if a county or municipal office or an office of another political subdivision is sought. The procedures for filing the statement of disclosure thus closely follow the procedures for filing qualification papers and filing fees pursuant to s. 99.061, F.S. In most, if not all, cases, candidates for state office will file both qualification papers and the disclosure statement with the secretary of state [see s.99.061(1) and (2)], and candidates for local office will file both sets of papers with the clerk of the local circuit court. [See s.99.061(3).] An intentional refusal to file a disclosure statement is a violation of Part III, Ch. 112, F.S. Pursuant to s. 112.317, F.S., as amended by s. 8, Ch. 74-177, Laws of Florida, an intentional violation "shall constitute grounds for removal from the ballot." Removal from the ballot is the only statutory penalty for a candidate and thus is the only statutory means for enforcement of the disclosure requirements for candidates. The privilege of having one's name printed on the ballot at public expense may be controlled by legislative enactment. State ex rel. Harris v. Belote, 143 So. 881 (Fla. 1932); Holley v. Adams,238 So.2d 401 (Fla. 1970). Strict compliance with the statutory procedure established by s. 99.061, F.S., for qualifying as a candidate is a condition precedent to the exercise of the rights and privileges of candidacy. State ex rel. Taylor v. Gray,25 So.2d 492 (Fla. 1946) citing State ex rel. Vining v. Gray,17 So.2d 228 (Fla. 1941). The Secretary of State has the ministerial function of certifying only "duly qualified" candidates to the boards of county commissioners. Section 99.061(4). Candidates who fail to comply are not certified. In this manner, a failure to comply operates as a condition precedent to bar a prospective candidate from the ballot. Since the legislature provided that essentially the same candidates file both initial qualification papers and statements of disclosure with the secretary of state, the legislature must have intended that the secretary of state have some official function with regard to candidates who qualify initially but who later refuse to file a statement of disclosure. The secretary of state is the first official that will know whether a candidate for state office has failed to file a disclosure statement. The legislature must have intended that the secretary of state have responsibility to act upon such knowledge. The filing procedure is so similar to the procedures for the initial filing of qualification papers pursuant to s. 99.061, F. S., it can be inferred that the legislature intended that failure to file a disclosure statement be treated by the secretary of state in the same manner that the secretary of state must treat defective filing of qualification papers initially. Ten days after the last day to qualify, the secretary of state must have the implied responsibility to certify to the various boards of county commissioners the names of all candidates who are no longer qualified to have their names printed on the ballot because of intentional refusal to file a disclosure statement. In this way, intentional failure to file a disclosure statement operates as a condition subsequent to divest the intentional violator of the privilege of remaining on the ballot. It is my opinion, therefore, that upon a finding that a candidate has intentionally violated Part III, Ch. 112, F.S., the secretary of state has authority (with regard to a candidate required to qualify and file a disclosure statement with the secretary of state) to certify to the appropriate boards of county commissioners that the name of the candidate must be removed from the ballot. You ask in your first question whether the secretary of state has the power to remove the name of a candidate from the ballot who has been found by the Commission on Ethics to have committed an intentional violation of Part III, Ch. 112, F.S. The Commission on Ethics was established by Ch. 74-176, Laws of Florida, to serve "as guardian of the standards of conduct for the officers and employees" of state and local government. As guardian of the standards of conduct, the commission has the broad duty to receive and investigate complaints of violation of the code of ethics established in Part III, Ch. 112. See s. 112.322, as created by s. 2, Ch. 74-176. It seems clear from a reading of Ch. 74-176 that the legislature intended that the Commission on Ethics play a major role in the enforcement of all the provisions of Part III, Ch. 112, including s. 112.3145, which requires statements of disclosure. In particular, the Commission on Ethics has important fact-finding authority and is required to transmit its findings to the "official having power to take disciplinary action." Section112.322(2), F.S., as created by Ch. 74-176, Laws of Florida. The findings of an intentional violation of Part III, Ch. 112, F.S., by the Commission on Ethics after a full and fair hearing should therefore be accorded great weight, and contrary findings should be supported by substantial evidence. It is your ultimate responsibility, however, to determine whether an intentional violation has occurred, based upon all the evidence before you. AS TO QUESTION 2: Your second question is essentially whether the legislature, in enacting Ch. 74-177, Laws of Florida, intended that the name of every candidate intentionally refusing to file a statement of disclosure mandatorily be removed from the ballot. Section 8 of Ch. 74-177, Laws of Florida, amending s. 112.317, F. S., provides in part: "Intentional violation of any provision of this part by any . . . candidate shall constitute grounds for . . . removal from the ballot." (Emphasis supplied.) The words "shall constitute grounds" for removal from the ballot at first seem only to prescribe a penalty that may or may not be imposed. But the word "shall" is usually used in the imperative sense and adds a new direction to the language. Expressed in other words, intentional violations must (or automatically) constitute a basis for removal from the ballot. By expressly providing a penalty for refusal to file, the legislature evidenced a clear intent that a refusal to file not go unpenalized. The matter was of obvious concern to the members of the House of Representatives, where the bill creating Ch. 74-177, Laws of Florida (CS for CS for HB 3418), originated. The words "removal from the ballot" were intentionally amended into the penalty section just before the house voted on the measure for the last time. See House Journal, May 31, 1974, (provisional) at page 143. The penalty section s. 112.317, F.S., existed in the old law, and was amended by Ch. 74-177. The title to CS for CS for HB 3418 speaks of providing "enforcement" and not providing "penalties." One must therefore conclude that the legislature fully intended that all the provisions of CS for CS for HB 3418 be enforced and removal from the ballot constitute the only method of enforcement. A candidate can be penalized and the law enforced in only one way — removal from the ballot. It would be unreasonable to interpret Ch. 74-177, Laws of Florida, to permit the removal of some but not all candidates from the ballot for intentional refusal to file a disclosure statement. Either the legislature intended to have the requirement that candidates file statements of disclosure enforced or the legislature intended the requirement not be enforced. It would be wholly illogical for the legislature to have intended that a statutory requirement not be enforced, so I must conclude that the legislature must have intended that in every case of intentional failure to file a disclosure statement the name of the candidate must be removed from the ballot. It is therefore my opinion that if you find that an intentional violation of Part III, Ch. 112, F.S., has been committed by a candidate, you are obligated to certify to the appropriate boards of county commissioners that the candidate is no longer qualified to have his or her name remain on the ballot and that the name must be removed from the ballot. In view of the answers to the first two questions, question 3 need not be answered.