QUESTION: May fullor part-time legislative employees of the House of Representatives, with the written permission of the Speaker, engage in the practice of law after the regular hours of their employment have terminated?
SUMMARY: Pending legislative or judicial clarification, under s.11.26(1), F. S., as amended by Ch. 75-208, Laws of Florida, fullor part-time legislative employees may engage in the practice of law during their off-duty hours in matters unrelated to legislation or their legislative duties that will not interfere with the full and faithful performance of their legislative duties. Until 1975, employees of the Legislature were specifically prohibited from engaging in the practice of law by s. 11.26(1)(d), F. S. As originally adopted (by Ch. 25369, 1949, Laws of Florida), the statute applied only to the director and other employees of the Legislative Council and Legislative Bureau. It was amended in 1969 to apply to all employees of the Legislature (Ch. 69-52, Laws of Florida). Until amended in 1975, the statute read in pertinent part as follows: (1) No employee of the legislature shall: * * * * * (c) Give legal advice on any subject to any person, firm or corporation, except members of the legislature; (d) During his employment by any division of the legislature, be associated or interested in the private practice of law in any manner, nor be personally engaged in any other business for profit. As amended by Ch. 75-208, Laws of Florida, it now reads: (1) No employee of the legislature shall: * * * * * (b) Give legal advice on any subject to any person, firm, or corporation, except members of the legislature; (c) During his employment by any division of the legislature, engage in any activity which seeks to influence any legislative action outside the scope of his specific employment. Under well-settled rules of statutory construction, it must be assumed that the Legislature used particular language in a legislative act advisedly and for some purpose. Stein v. Biscayne Kennel Club, 199 So. 364 (Fla. 1941); Lee v. Gulf Oil Corp.,4 So.2d 868, 870 (Fla. 1941); Alexander v. Booth, 56 So.2d 716, 718
(Fla. 1952). And when the Legislature amends a statute, it is presumed that the Legislature intended it to have a meaning different from that accorded to the statute before the amendment. Arnold v. Shumpert, 127 So.2d 116 (Fla. 1968); Kelly v. Retail Liquor Dealers Ass'n of Dade County, 126 So.2d 299 (3 D.C.A. Fla., 1961). Applying these rules to the statute here in question, it must be assumed that paragraph (c) of subsection (1) of s. 11.26, F. S., as originally enacted, was adopted for some purpose other than to prohibit legislative employees from engaging in the practice of law, as paragraph (d) of the same subsection (1) speaks especially on this subject. Cf. Alexander v. Booth, supra, concluding that a particular subsection of the statute there in question "was enacted for some purpose." A reasonable interpretation of these provisions is that employees of any division of the Legislature were not only specifically prohibited from practicing law or engaging in any other business for profit while so employed but were also prohibited from giving any legal advice on any subject related to or in connection with legislation or their legislative duties, except to members of the Legislature. As so interpreted, there is no inconsistency in the Legislature's authorizing legislative employees to engage in other remunerative employment, including the practice of law, while still retaining the prohibition against giving legal advice on any subject related to or in connection with legislation or legislative duties except to members of the Legislature. The new language of s. 11.26(1)(c) — which, in effect, prohibits any lobbying activities by a legislative employee "outside the scope of his specific employment" — is an additional prohibition but does not, of course, have the effect of prohibiting other business or professional activities, including the practice of law, by legislative employees. There can be no doubt that, in adopting the provisions of Ch. 75- 208 here in question, the Legislature intended to change the restrictions on employment made by s.11.26(1), supra, in view of the title to Ch. 75-208, providing that it is an act "amending s. 11.26(1), F. S., relating to employees of the Legislature, modifying restrictions on employment. . . ." (Emphasis supplied.) Nor can there be any doubt that the Legislature contemplates that legislative employees may engage in other employment. See s. 112.3141(2), F. S., which reads as follows: No full-time legislative employee shall be otherwise employed during the regular hours of his primary occupation, except with the written permission of the presiding officer of the house by which he is employed, filed with the Clerk of the House of Representatives or with the Secretary of the Senate, as may be appropriate. Employees of joint committees must have the permission of the presiding officers of both houses. This section shall not be construed to contravene the restrictions of s. 11.26. (Emphasis supplied.) The italicized portions of the statute quoted above were added by the 1975 act (s. 5, Ch. 75-208, supra). It is worthy of note also that the amendment "modifying" the s.11.26(1), F. S., restrictions on employment was made by the same legislative act, Ch. 75-208, supra, that also amended portions of the Code of Ethics and Financial Disclosure Law, Part III, Ch. 112, F. S. (1974 Supp.); and the legislative policy, as expressed in s. 112.316, F. S., is as follows: It is not the intent of this part, nor shall it be construed, to prevent any officer or employee . . . from accepting other employment or following any pursuit which does not interfere with the full and faithful discharge by such officer, employee, legislator, or legislative employee of his duties to the state or the county, city, or other political subdivision of the state involved. It is a well-settled rule of statutory construction that statutes in derogation of common law or common rights are to be strictly construed. 82 C.J.S. Statutes s. 393, p. 938; In re Levy's Estate,141 So.2d 803, 805 (2 D.C.A. Fla., 1962), and cases cited. Statutes which operate to restrain the exercise of any trade or occupation or the conduct of business have been held to be within the purview of this rule. See West Virginia Board of Dental Examiners v. Storch,122 S.E.2d 925 (W.Va. 1961); and Battaglia v. Moore,261 P.2d 1017 (Colo. 1953). In Battaglia, the court rules squarely that legislation purporting to restrain one's right to follow any lawful, useful calling, business, or profession will be strictly construed in favor of the existence of the right and against the limitation. Accord: Florida Accountants Association v. Dandelake,98 So.2d 232, 327 (Fla. 1957), in which the court recognized "the fundamental right of all citizens to enter into contracts of personal employment" in ruling upon the validity of a statute relating to the practice of accounting. When interpreted in light of its history and other statutes in pari materia and the rule of construction referred to above, I have the view, pending legislative or judicial clarification, that legislative employees, whether fullor part-time employees, may engage in the practice of law during their off-duty hours or periods in matters that are not related to legislation or their legislative duties and will not interfere with the full and faithful discharge of such duties. It might be repeated, for emphasis, that a legislative employee should not engage in any activities that might be interpreted as seeking to influence any legislative action "outside the scope of his specific employment" or the giving of legal advice relating to legislation or his legislative duties.