QUESTIONS: 1. Does an expression by mass media which opposes the candidacy of a particular candidate without any mention of, or connection with, that candidate's opponent or opponents come within the definition of "political advertisement" in s. 104.371, F. S.? 2. Does a group, club, association, or other organization which sponsors a publication which characterizes a candidate for public office for the purpose of opposing the candidacy of such candidate come within the purview of s. 104.37(5), F. S.? 3. Is a contribution made through or in the name of another in opposition to a candidate for election or nomination prohibited by s.106.08(3), F. S.?
SUMMARY: An expression by mass media which opposes the candidacy of a particular candidate without any mention of, or connection with, any opponent of such candidate does not come within the definition of "political advertisement" in s. 104.371, F. S. A group, club, association, or other organization which sponsors a publication which characterizes a candiate for public office for the purpose of opposing the candidacy of such candidate does not come within the purview of s. 104.37(5), F. S. A contribution made through or in the name of another in opposition to a candidate for election or nomination is not prohibited by s. 106.08(3), F. S., unless such contribution is made to a political committee. In view of their interrelationship and similarity, your questions will be answered together. It should first be noted that throughout the statutory scheme regulating elections in this state (Chs. 97-106, F. S.), prohibitions and regulations respecting campaign activities related to candidates fall into three general categories: Those which prohibit or regulate particular activities only when they are in support of, in furtherance of, or for the purposes of advancing or endorsing a particular candidate. See: ss. 104.071(1), 104.071(1)(c), 104.37(4), 104.37(5), 104.373,106.021(4), 106.04(5), 106.08(1), 106.08(3), 106.10(1), 106.15(2),106.17(1), 106.17(4), 106.17(5), 106.29(3), F. S. Those which prohibit or regulate particular activities when they are in support of, in furtherance of, or for the purpose of advancing or endorsing a particular candidate as well as when they are in opposition to or against a particular candidate. See: ss.100.361(9), 104.071(1)(b), 104.081, 106.011(2), 106.07(3), F. S. Those which prohibit or regulate particular activities only when they are in opposition to or against a particular candidate. See s. 104.35, F. S. In view of the fact that, as itemized above, the Legislature has made specific distinctions with respect to the context in which certain campaign activities are subject to regulation or prohibition, it must be presumed that the Legislature had some purpose in mind in its selection of the various contextual settings within which it deemed there to be a need for regulation or prohibition. The rule to be applied in the construction of such statutory provisions is stated in United States v. Wong Kim Bo, 472 F.2d 720 (5th Cir. 1972): Moreover, where Congress [or the Legislature] includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress [or the Legislature] acts intentionally and purposely in the disparate inclusion or exclusion. Similarly, as noted in Stein v. Biscayne Kennel Club, 199 So. 364 (Fla. 1940): "It must be assumed that the Legislature had some purpose in using particular language in a legislative act." Turning now to the particular statutory provisions about which you inquire, s. 104.371, F. S., reads, in pertinent part: Political advertisement is an expression by any mass media, attracting public attention . . . which shall transmit any idea furthering the candidacy for public office of any person. (Emphasis supplied.) The definition is limited by its specific terms to an expression "furthering the candidacy for public office of any person." It neither specifically nor impliedly includes an expression opposing the candidacy for public office of any person. Accordingly, I am of the view that an expression by mass media which is limited to the transmission of any idea opposing the candidacy for public office of any person does not come within the meaning of the term "political advertisement" as defined in s. 104.371. The second statutory provision about which you inquire, s. 104.37(5), F. S., requires — with exceptions not here pertinent — the inclusion of certain information in [a]ll political advertisements or endorsements, including any publication which purports to rate, rank, or characterize candidates for public office, sponsored by any group, club, association, or other organization . . . for [the] purpose of endorsing the candidacy of one or more candidates for public office or for [the] purpose of endorsing or opposing any referendum . . . . (Emphasis supplied.) Although the foregoing statutory provision clearly applies to expressions "endorsing or opposing" a referendum, insofar as it purports to regulate conduct relating to a candidacy for nomination or election to public office the statute is specifically limited to expressions "for [the] purpose of endorsing the candidacy of one or more candidates." As noted in AGO 075-122: An examination of Webster's Third New International Dictionary (unabridged) reveals at p. 749 that the definition of the word endorse includes "to express definite approval or acceptance of" as well as to "support or aid explicitly" or "vouch for" . . . . It is clear from the foregoing definition that an expression limited to the transmission of an idea opposing the candidacy for public office of any person does not come within the meaning of the word "endorsing." Further, I am of the view that the phrase "for [the] purpose of endorsing the candidacy of one or more candidates" modifies and limits the scope of the preceding portion of the sentence in which it appears, which portion reads "including any publication which purports to rate, rank, or characterize candidates for public office." Accordingly, a publication which characterizes a candidate for public office would come within the purview of s. 104.37(5), F. S., only if such characterization also constituted a political advertisement as defined in s. 104.371, F. S., and discussed above or was "for [the] purpose of endorsing the candidacy of one or more candidates for public office." On the basis of the foregoing, it is my opinion that an expression limited to the transmission of an idea opposing the candidacy for public office of any person — or limited to the characterization of a candidate as one who should not be elected — does not come within the scope of s. 104.37(5). The last statutory provision about which you inquire is s. 106.08(3), F. S., which provides, in pertinent part: No person shall give, furnish, or contribute money, material, or supplies, or make loans, in support of a candidate for election or nomination or in support of or in opposition to an issue, or to any political committee, through or in the name of another, directly or indirectly, in any primary or general election or in any election at which an issue is presented to the electors for their approval or rejection. (Emphasis supplied.) Insofar as the foregoing prohibition relates specifically to candidates for election or nomination, the scope of the prohibition is by its terms expressly limited to contributions "in support of" such a candidate. Accordingly, a contribution in opposition to a candidate for election or nomination made in the name of another would not appear to run afoul of the prohibition against such contributions made "in support of" a candidate. However, attention must also be given to that portion of the statute which prohibits contributions in the name of another "to any political committee." (Emphasis supplied.) This last-quoted portion of the statute is couched in broad terms and contains no qualification respecting the purposes of the political committee. Therefore, I am of the view that a contribution made to a political committee in the name of another is prohibited by the subject statute, irrespective of the purposes of the political committee or the purposes to which the contribution is to be applied.