Nevin G. Smith Secretary, Department of Administration Tallahassee
QUESTION:
May a state employee within the Career Service System hold office as a member of the county or state executive committee of a political party?
SUMMARY:
Until judicially or legislatively determined to the contrary, state employees within the Career Service System may not, under the provisions of s. 110.233(4), F. S., run for or hold office as members of a county or state executive committee of a political party.
Section 110.233(4)(a), F. S., provides in pertinent part that no employee in the career service shall:
 Hold, or be a candidate for, public or political office while in the employment of the state or take any active part in a political campaign while on duty or within any period of time during which he is expected to perform services for which he receives compensation from the state. However, when authorized by his agency head and approved by the Department of Administration as involving no interest which conflicts or activity which interferes with his state employment, an employee in the career service may be a candidate for or hold local public office. The Department of Administration shall prepare and make available to all affected personnel who make such request a definite set of rules and procedures consistent with the provisions herein. (Emphasis supplied.)
It has long been recognized that the Legislature may have a greater interest in regulating political activities of its employees than it would in regulating the political activities of the general public. See generally Ex Parte Curtis, Curtis,106 U.S. 371 (1882); State v. Stuler, 122 So.2d 1, 3 (Fla. 1960); and AGO 072-62. Section 110.233, F. S., does not deny a career service employee's right to political expression and activity, but rather proscribes specifically defined activities. See Department of Administration Rule 22A-13.03(1), F.A.C., which states that all employees in the career service are governed by the provisions of s. 110.092, F. S., (now s. 110.233), relating to political activities and unlawful acts. Section 110.233 does not prevent a career service employee from actively campaigning, provided that such activities take place at a time when he is not on duty or expected to perform services for the state for which he is being compensated and he does not use his position to secure support for, or oppose, a candidate, party, or issue or affect the results thereof or use any promise of reward or threat of loss to encourage or coerce any employee to support or contribute to a political issue, candidate, or party. See s. 110.233(4) and (5).Cf. AGO 074-46 which recognizes a distinction between active and passive political activities under the provisions of s. 110.233
(then s. 110.092). Section 110.233(4)(a), however, does expressly prohibit a career service employee from holding, or being a candidate for, public or political office while he is a state employee. The subsection does not limit this prohibition to those hours or periods of time in which the employee is considered to be `on-duty'; rather, the only exception to this restriction is contained in the second sentence of the subsection which states that a career service employee may be a candidate for or hold a local public office if authorized by his agency head and approved by the Department of Administration as involving no interest or activity which conflicts or interferes with his state employment.See Department of Administration Rule 22L-13, Part I, F.A.C., regarding requests for approval for an employee in the career service to be a candidate for local public office. No such exception, however, is contained in the statute for `political offices' or state public offices.
While `public office' is not expressly defined for the purposes of ch. 110, F. S., the term has been defined elsewhere in the statutes to mean `any state, county, municipal, or school or other district office or position which is filled by vote of the electors.' Section 106.011(10), F. S. See also s. 97.021(21), F. S., which defines `public office' to include federal offices or positions. The term `public office' has generally been considered to be an office or position in which some portion of the sovereign power is being exercised. See generally 25 Am. Jur.2d Elections s. 124 (duties of public office are in nature public and involve exercise of some portion of sovereign power in performance of which all citizens, regardless of political party, are interested), and 67 C.J.S. Officers s. 4. See also State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919) (term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office). In most states, therefore, officers of a political party, such as the members of a party executive committee, are not considered to hold public office even though the Legislature may by statute regulate the election and conduct of the political committees. See, e.g., Tuck v. Cotton, 299 S.W. 613 (Ark. 1927); Usilton v. Bramble,82 A. 661 (Md. 1911); Heiskell v. Ledgerwood, 234 S.W. 1001 (Tenn. 1921); Morris v. Peters, 46 S.E.2d 729 (Ga. 1948); Greenough v. Lucey, 66 A. 300 (R.I. 1907); Attorney General v. Drohan,48 N.E. 279 (Mass. 1897); and 25 Am. Jur.2d Elections s. 124. The courts of this state have generally concluded that, although membership in a political party and the activities thereof may be regulated by statute, (see ch. 103, F. S.), such membership is not an `office' as that term is contemplated by the State Constitution and statutes. See, e.g., State ex rel. West v. Gray, 169 So. 37
(Fla. 1936), and Moore v. Board of Commissioners of Leon County,118 So. 476 (Fla. 1928); cf. Alexander v. Booth, 56 So.2d 716
(Fla. 1952) (national committee members and delegates to a national convention are party officers, not state officers; and, unless controlled or regulated by statute, the selection or election of such officers is a party matter), and Ex Parte Smith,118 So. 306 (Fla. 1928) (nominees of political party are not public officers even when law regulates their selection). Thus, membership on the county or state executive committee of a political party would not appear to fall within the proscription of s. 110.233(4)(a), prohibiting a state career service employee from holding public office.
Section 110.233(4)(a), F. S., however, also prohibits a career service employee from holding or being a candidate for a `political office.' In a generic sense, `political' means or pertains to `the exercise of the rights and privileges or the influence by which individuals of a state seek to determine or control its public policy; having to do with the organization or action of individuals, parties, or interests which seeking to control the appointment or action of those who manage the affairs of a state.' 72 C.J.S. Political, p. 222. When used in this context, a `political office' would include a political party office. While the term `political office' is not defined, it appears that the terms `political office' and `public office' are not synonymous as both terms are used in the disjunctive sense in the first sentence of s. 110.233(4)(a), and the term `political office' is not employed in the second sentence of s.110.233(4)(a). See also the title to ch. 70-277, `AN ACT relating to state employees, amending section 110.092, Florida Statutes [now s. 110.233], to permit a state employee in the classified service to be a candidate for or hold a local public office under certain conditions.' Generally, words in a statute will not be construed as surplusage if a reasonable construction which will give them some force and meaning is possible. See Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A. Fla., 1966); see also State Department of Public Welfare v. Bland, 66 So.2d 59 (Fla. 1953), and State ex rel. Florida Industrial Comission v. Willis,124 So.2d 48 (1 D.C.A. Fla., 1960), cert. denied, 133 So.2d 323 (Fla. 1961); cf. 82 C.J.S. Statutes s. 343. Therefore, in order to give meaning to all the words in s. 110.233(4)(a), the prohibition contained therein must be considered to encompass more than merely `public offices.' While not a `public office,' a position or membership on the state or county executive committee of a political party would appear to qualify as a political office and would thus fall within the prohibition contained in s.110.233(4)(a), stating that a career service employee may not hold or be a candidate for a `political office.' See 29 C.J.S.Elections ss. 86(1)a. and 87, which refer to political party officials and committees as `political officers and committees' and discuss the appointment or election of such officers and committees and their powers and duties.
Accordingly, I am of the opinion that, until judicially or legislatively determined to the contrary, state employees within the Career Service System may not, under the provisions of s.110.233(4)(a), F. S., run for or hold office as members of the county or state executive committees of political parties. The only exception to the prohibition contained therein is for localpublic offices which a career service employee may hold or be a candidate for, provided he has obtained the approval of his agency head and authorization from the Department of Administration that the office involves no interest which conflicts or activity which interferes with the employee's state employment. It is a general rule of statutory construction that when a statute sets forth exceptions to its terms, no other exceptions may be implied. See
Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A. Fla., 1966), cert. dismissed, 194 So.2d 923 (Fla. 1966) (under ruleexpressio unius est exclusio alterius, exceptions made in a statute give rise to strong inference that no other exceptions were intended); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952), and Williams v. American Surety Company of New York, 99 So.2d 877
(2 D.C.A. Fla., 1958). Moreover, such statutory exceptions are to be strictly construed. See Farrey v. Bettendorf, 96 So.2d 889
(Fla. 1957), and State v. Nourse, 340 So.2d 966 (3 D.C.A. Fla., 1976) (statutory exceptions are to be strictly construed against one who attempts to take advantage of the exception). As I am of the opinion, however, that membership on a state or county executive committee of a political party is not a `public office,' the foregoing exception to the general prohibition contained in s.110.233(4)(a) is not applicable to the instant inquiry. Nor do the provisions of s. 104.31, F. S., appear to compel a different conclusion. Section 104.31, Florida's Little Hatch Act, regulates the political activities of all public officers and employees in the state, including those employees in the Career Service System. While the act prohibits certain types of political activity, see
s. 104.31(1)(a), (b), and (c), its provisions do not prevent any person from becoming a candidate for and actively campaigning for any elective office in the state. Section 104.31 provides in pertinent part:
 All such persons shall retain the right to vote as they may choose and to express their opinions on all political subjects and candidates. The provisions of paragraph (a) shall not be construed so as to limit the political activity in general, special, primary, bond, referendum or any other election of any kind or nature, of elected officials or candidates for public office in the state or of any county or municipality thereof; and the provisions of paragraph (a) shall not be construed so as to limit the political activity in general or special elections of officials appointed as the heads or directors of state administrative agencies, boards, commissions or committees or of the members of state boards, commissions or committees whether they be salaried, nonsalaried or reimbursed for expense.
While public employees would not appear to be prohibited by s.104.31, F. S., from serving as members of county or state political party executive committees, subsection (3) of s. 104.31
provides that `[n]othing contained in this section . . . shall be deemed to prohibit any public employee from expressing his opinions on any candidate or issue or from participating in any political campaign during his off-duty hours so long as suchactivities are not in conflict with the provisions of subsection (1) or s. 110.223.' (Emphasis supplied.) Such activity is in my opinion prohibited by s. 110.233(4)(a), F. S.; therefore, under the provisions of ss. 104.31(3) and 110.233(4)(a), career service employees may not serve on such executive committees of political parties. Section 104.31 provides that those officers and employees under the State Merit System who are employed by state agencies receiving federal funds and who are not otherwise exempted from paragraph (a) in general or special elections shall not be eligible to hold party offices or membership on any county or state executive committee. While the State Merit System has been replaced by the Career Service System, this office has no authority to declare that the foregoing provision is of no legal efficacy or that it has been superseded. Such a matter must be addressed by the courts of this state or by the Legislature.
You have not advised me whether any of the activities of the career service employees in question are financed by federal funds or grants. Therefore, no opinion is expressed herein regarding the applicability of the federal Hatch Act, 5 U.S.C. § 1501, et seq., which places certain restrictions on the political activity of individuals employed by a state or local agency which is financed in whole or in part by loans or grants, other than revenuesharing funds, made by the United States or a federal agency. See
Department of Administration Rule 22A-13.03(2), F.A.C., which provides that employees filling positions in agencies receiving federal funds are also subject to the provisions of the federal Hatch Act regarding political activities. However, under the amended federal act, candidacy for a political party office would appear to be permissible although the federal act still prohibits a state or local officer or employee from being a candidate for a public elective office. See Act of Oct. 15, 1974, Pub.L. No.93-443, Title IV, s. 401(b)(2), 89 Stat. 1290, which deleted paragraph (5) of 5 U.S.C. § 1501, which defined the phrase `an active part in political management or in political campaigns;' and s. 410(a) of the 1974 act, which substituted `be a candidate for elective office' in place of `take an active part in political management or in political campaigns' as one of the political activities prohibited under the federal Hatch Act. See5 U.S.C. § 1502.
Prepared by: Joslyn Wilson, Assistant Attorney General