864 F.2d 752
 Dr. Charles H. EDMONDS, Plaintiff-Appellant,
v.
Dr. David BRONNER, etc.; The Retirement Systems of Alabama;
Dr. Paul Hubbert, etc.; Ray Campbell, etc.; Wayne Teague,
Shirley Cochran, Sallie Cook, George Wallace, Jr., Ann
Harris, Vernon St. John, G. Robert Swift, et al., etc.
Defendants-Appellees.
 No. 88-7423.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 30, 1989.
 
 Donald B. Sweeney, Jr., Norma Mungenast Lemley, Rives & Peterson, Birmingham, Ala., for plaintiff-appellant.
 William T. Stephens, Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before VANCE and EDMONDSON, Circuit Judges and ATKINS*, Senior District Judge.
 VANCE, Circuit Judge:
 
 
 1
 It appears to the United States Court of Appeals for the Eleventh Circuit that this appeal involves questions or propositions of law of the State of Alabama which may be determinative of the cause, and for which there appears to be no clear, controlling precedent in the decisions of the Supreme Court of Alabama. The United States Court of Appeals for the Eleventh Circuit therefore certifies the following questions of state law to the Supreme Court of Alabama for instructions concerning such questions of law, based on the facts recited here.
 
 
 2
 CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE.
 
 
 3
 TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:
 
 I. Style of the Case
 
 4
 The style of the case in which this certificate is made is DR. CHARLES H. EDMONDS, Plaintiff-Appellant, versus DR. DAVID BRONNER, etc.; THE RETIREMENT SYSTEMS OF ALABAMA; DR. PAUL HUBBERT, etc.; RAY CAMPBELL, etc.; WAYNE TEAGUE, SHIRLEY COCHRAN, SALLIE COOK, GEORGE WALLACE, JR., ANN HARRIS, VERNON ST. JOHN, G. ROBERT SWIFT, et al., etc., Defendants-Appellees, Case No. 88-7423, United States Court of Appeals for the Eleventh Circuit, on appeal from the United States District Court for the Middle District of Alabama.
 
 II. Statement of the Facts
 
 5
 The Retirement Systems of Alabama include the Employees' Retirement System and the Teachers' Retirement System. The Employees' and Teachers' retirement systems are managed and administered by different boards of control, Ala.Code Secs. 36-27-2, 16-25-19 (1975), but Dr. Bronner serves as Secretary/Treasurer for both systems.
 
 
 6
 Section 16-25-3(a) of the Alabama Code requires every teacher, as a condition of employment, to participate in the Teachers' Retirement System of Alabama. The definition of "teacher" includes superintendents "employed in any public school or public college within the state." Ala.Code Sec. 16-25-1(3) (1975). Pursuant to these sections Dr. Charles Edmonds first enrolled in the Teachers' Retirement System in 1969 and continued to participate until July 1, 1987. His benefits in that plan have now vested.
 
 
 7
 In 1985 Malcolm Brassell and other taxpayers filed suit in the Circuit Court of Montgomery County, Alabama against Dr. Bronner as Secretary/Treasurer of the Employees' Retirement System of Alabama, alleging that the participation by some state constitutional officers, mayors, members of the city council, county commissioners and sheriffs in the Employees' Retirement System violates article IV, section 98 of the Alabama Constitution of 1901. That section provides "[t]he legislature shall not retire any officer on pay, or part pay, or make any grant to such retiring officer." This suit ended in a consent decree. The parties agreed that, for the purposes of the consent decree, many of the participants in the Employees' Retirement System may be officers within the meaning of section 98. The consent decree provided that elected officers who took office prior to October 1, 1985 could continue to participate in the Employees' Retirement System but officers elected after October 1, 1985 could not participate in the retirement plan. Brassell v. Bronner, No. CV-1089-G (Cir.Ct.1985).
 
 
 8
 On November 19, 1985 the board of control of the Teachers' Retirement System voted to follow the rule of the Brassell consent decree and prohibit superintendents newly elected after October 1, 1985 from participating in the Teachers' Retirement System but allow appointed superintendents and those elected before October 1, 1985 to participate.
 
 
 9
 In 1987 Dr. Edmonds was elected superintendent of education for Marshall County and began serving his elective term on July 1, 1987. He was excluded from participating in the Teachers' Retirement System as of this date. Dr. Edmonds sued the board of control of the Teachers' Retirement System under 42 U.S.C. Secs. 1981, 1983, and 1988 alleging that he was denied substantive and procedural due process and equal protection of the laws by the new limitations on eligibility to participate in the Teachers' Retirement System.
 
 
 10
 The district court granted summary judgment in favor of the defendants, concluding that section 98 prohibits elected superintendents from participating in the Teachers' Retirement System. It held that the distinction between elected and appointed superintendents was rational because only elected superintendents were state officers within the meaning of section 98. It further held that the distinction between superintendents elected before and those elected after October 1, 1985 was rationally related to the state goal of protecting those superintendents who sought office with the expectation that they could continue to participate in the retirement system. This appeal followed.
 
 
 11
 III. Questions Certified to The Supreme Court of Alabama
 
 
 12
 (1) Are superintendents of public schools or public colleges within the state of Alabama, either elected or appointed, officers within the meaning of article IV, section 98 of the Alabama Constitution of 1901?
 
 
 13
 (2) If superintendents, either elected or appointed, are officers within the meaning of article IV, section 98 of the Alabama Constitution of 1901, does this section prohibit such superintendents from participating in the Teachers' Retirement System of Alabama?
 
 
 14
 The particular phrasing used in the above certified questions is intended as a guide and is not meant to restrict the Supreme Court's consideration of the issues or the manner in which it gives its answers. The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama, and simultaneously to transmit copies of the certificate to the attorneys for the parties.
 
 
 15
 QUESTIONS CERTIFIED.
 
 
 
 *
 Honorable C. Clyde Atkins, Senior United States District Judge for the Southern District of Florida, sitting by designation