**Dr. Charles H. EDMONDS,
Plaintiff–Appellant,**

v.

**Dr. David BRONNER, etc.;  et al.,
Defendants–Appellees.**

**No. 88–7423.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 20, 1990.

Donald B. Sweeney, Jr., Rives & Peterson, Norma Mungenast Lemley, Birmingham, Ala., for plaintiff-appellant.

William T. Stephens, Montgomery, Ala., for defendants-appellees.

Before VANCE * and EDMONDSON, Circuit Judges, and ATKINS **, Senior District Judge.

PER CURIAM:

The facts of this case are recited in the panel decision of January 30, 1989 certifying a question of law to the Supreme Court of Alabama. *Edmonds v. Bronner*, 864 F.2d 752 (11th Cir.1989).

In the certified questions we asked whether superintendents of public schools or public colleges within the State of Alabama, either elected or appointed, are officers within the meaning of article IV, section 98 of the Alabama Constitution of 1901.

The Supreme Court answered that county superintendents of education, either elected or appointed, are not officers within the meaning of that provision. *Edmonds v. Bronner*, 547 So.2d 1172 (Ala.1989).

The district court had held that plaintiff-appellant, who is an elected county superintendent of education, is such an officer and therefore is barred by section 98 from participating in the Teachers' Retirement Sys-

tem of Alabama.  Because the district court's application of the Alabama Constitution is contrary to the holding of the Supreme Court of Alabama, its judgment must be reversed.

The judgment of the district court is REVERSED and the case is REMANDED for proceedings consistent with the decision of the Supreme Court of Alabama.